UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 89-1854-RCL |
| Plaintiff, | |
| v. | |
| PAUL A. BILZERIAN, | |
| Defendant. | |

**JOINT MOTION OF SECURITIES AND EXCHANGE COMMISSION AND RECEIVER FOR AUTHORIZATION FOR INTERIM DISTRIBUTION TO HSSM #7 LIMITED PARTNERSHIP**

The Securities and Exchange Commission ("Commission") and Deborah R. Meshulam, solely in her capacity as Receiver of the Receivership Estate[1], pursuant to paragraph IV. e. of the Amended Receivership Order, respectfully move this Court for an Order authorizing on an interlocutory basis, pending, and in contemplation of, final distributions under paragraph IV.e. of the Amended Receivership Order, an interim distribution from the Receivership Estate to HSSM #7 Limited Partnership in the amount of fifty thousand dollars ($50,000). A Memorandum in support of this motion and a proposed order granting the motion are also submitted herewith.[2]

WHEREFORE, the Commission and the Receiver respectfully request that the Court enter an interlocutory Order authorizing (i) an interim distribution from the

---

[1] Except as otherwise stated herein, capitalized terms shall have the meanings ascribed thereto in the Order Appointing Receiver entered by this Court on December 22, 2000 (Docket No. 185) (the "Initial Receivership Order"), as amended by the Amended Order Appointing Receiver entered by this Court on March 1, 2001 (Docket No. 210) (the "Amended Receivership Order"), (together, the "Receivership Order").

[2] No consent to the relief requested by this motion has been sought because those who have disgorged funds here are not entitled to object to the Commission's proposed distribution of those funds. *See In re David G. Taylor*, 1999 WL 777955 (S.D.N.Y. 1999); *WABC AM Radio, Inc. v U.S.Y.S.* 1993 U.S. Dist. LEXIS 2266 (S.D.N.Y. 1993); *cf. SEC v. Wang*, 944 F.2d 80 (2d Cir. 1991). In addition, as the proposed order makes clear, this motion does not impact assets held in the Registry of the Court with respect to Mr. Ernest B. Haire, III.

Receivership Estate to HSSM in the amount of fifty thousand dollars ($50,000) pending, and in contemplation of, the final distributions contemplated under paragraph IV. e. of the Amended Receivership Order, and (ii) the Registry of the Court, upon presentation of such Order, to disburse such interim distribution in the amount of fifty thousand dollars ($50,000) to HSSM #7 Limited Partnership; and granting such other and further relief as this Court may deem just and proper.

November 17, 2004

Respectfully submitted,

_____
Kathleen A. Ford
Securities and Exchange Commission
450 Fifth Street, NW
Washington, DC 20549

Counsel for the Securities
and Exchange Commission

_____
Charles B. Wayne (D.C. Bar No. 935858)
Piper Rudnick LLP
1200 Nineteenth Street, N.W.
Washington, DC 20036
(202) 861-3900

Counsel for the Receiver of the Securities
and Exchange Commission v.
Paul A. Bilzerian et al.,
Civil Action No. 89-1854 (SSH)
Receivership Estate

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 89-1854-RCL |
| Plaintiff, | |
| v. | |
| PAUL A. BILZERIAN, | |
| Defendant. | |

MEMORANDUM IN SUPPORT OF JOINT MOTION FOR AUTHORIZATION FOR INTERIM DISTRIBUTION TO HSSM #7 LIMITED PARTNERSHIP

The Securities and Exchange Commission ("Commission") and Deborah R. Meshulam, solely in her capacity as Receiver of the Receivership Estate[1], pursuant to paragraph IV.e. of the Amended Receivership Order, respectfully submit this Memorandum in support of the Joint Motion for Authorization for Interim Distribution to HSSM #7 Limited Partnership filed herewith (the "Motion").

**Background**

On December 22, 2000, this Court entered its Initial Receivership Order. On March 1, 2001, this Court, at the request of the Commission, entered the Amended Receivership Order which modified its Initial Receivership Order to permit HSSM #7 Limited Partnership ("HSSM") to participate, through the proceedings in this case, (i) in the Receiver's efforts to identify, marshall, receive and liquidate Mr. Bilzerian's assets and (ii) in distributions to be made by the Receiver therefrom.

---

[1] Except as otherwise stated herein, capitalized terms shall have the meanings ascribed thereto in the Order Appointing Receiver entered by this Court on December 22, 2000 (Docket No. 185) (the "Initial Receivership Order"), as amended by the Amended Order Appointing Receiver entered by this Court on March 1, 2001 (Docket No. 210) (the "Amended Receivership Order"), (together, the "Receivership Order").

- 2 -

HSSM is a judgment creditor of Mr. Bilzerian.[2] HSSM's judgment, like the disgorgement judgments entered by this Court in favor of the Commission, has been held non-dischargeable in bankruptcy as a debt for money obtained by actual fraud. The factual and legal bases for HSSM's judgment, as well as Mr. Bilzerian's efforts to avoid its satisfaction through the federal appellate and bankruptcy Courts, are detailed in, among other things, the following:

    a.    Judgment of the United States District Court for the Northern District of Texas (Dallas Division) (the "Texas District Court") filed April 5, 1991 at Case No. CA3-89-0965-R, as amended and supplemented;

    b.    Findings of Fact and Conclusions of Law of the Texas District Court filed March 11, 1992 at Case No. CA-3-89-0965-R;

    c.    Per Curiam decision of the United States Court of Appeals for the Fifth Circuit filed March 9, 1993 at Case No. 92-1261;

    d.    Memorandum Opinion of the United Stated District Court for the Middle District of Florida (Tampa Division) (the "Florida District Court") filed on July 31, 1995 at Case No. 93-2149-Civ-T-23 on appeal from the United States Bankruptcy Court for the Middle District of Florida (Tampa Division) (the "Florida Bankruptcy Court"), Case No. 91-10466-BKC-8P7, Adversary No. 92-573;

    e.    Decision of the United States Court of Appeals for the Eleventh Circuit decided on December 3, 1996 at Case No. 95-2988, 100 F.3d 886 (11th Cir. 1996), *cert. denied*, 1998 U.S. Lexis 2824; and

---

[2] HSSM's judgment was on a jury verdict which determined that Mr. Bilzerian fraudulently induced HSSM to invest in a limited partnership and had committed actual fraud in connection with that investment. The judgment was for approximately $25 million and has been accruing interest since on or about April 2, 1991.

- 3 -

    f.  Final Summary Judgment, in favor of HSSM #7 Limited Partnership and against Paul A. Bilzerian, of the Florida Bankruptcy Court filed on June 9, 1997 at Case No. 91-10466-BKC-8P7, Adversary No. 92-573.

True and correct copies of each of the foregoing are attached hereto and incorporated herein, collectively, as Exhibit A.

### **Liquidation of the Receivership Estate**

    Litigation which was commenced on behalf of the Receiver to identify, marshall, receive and liquidate Mr. Bilzerian's assets since the Receiver's appointment has, for the most part, been successfully completed. The outcome of such litigation has included the entry of Orders by this Court which have (i) authorized the discovery, "freezing", and "turnover" to the Receivership Estate, of cash, Cimetrix Securities, promissory notes, interests in partnerships, interests in real estate and other assets; (ii) approved the transfer of title to and/or other interests in a substantial portion of such assets to the Receivership Estate, pursuant to a settlement among the Commission, the Receiver and certain Bilzerian Related Entities; and (iii) granted a judgment in excess of $1.3 Million against Mr. Ernest B. Haire, III. Each of these Orders has been appealed to the United States Court of Appeals for the District of Columbia Circuit; each has been affirmed on appeal -- with one exception where the appeal is fully submitted and awaiting decision.[3] Related proceedings in the United States Court of Appeals for the Eleventh Circuit, the Florida District Court, the Florida Bankruptcy Court and certain Florida State Courts have been finally resolved in favor of the Receivership Estate and/or the Commission.

---

[3] That appeal involves this Court's July 17, 2003, decision and order regarding issues concerning a release by Cimetrix to certain Bilzerian Related Entities.

Liquidation of the assets recovered by the Receiver, with two exceptions, has also been successfully completed. The two exceptions are the disposition of substantial blocks of Cimetrix Securities and collection on the judgment against Mr. Haire. For different reasons, the periods within which realization on these remaining assets of the Receivership Estate can be accomplished may be protracted due to the extent to which the volume of on-going phased sales of Cimetrix Securities will continue to be constrained by the requirements of the federal securities laws and the extent to which Mr. Haire cooperates with the Receiver's post-judgment discovery and collection activities. The costs associated with liquidation of the remaining Estate assets are being carefully managed.

## Argument

The Commission and the Receiver respectfully request that this Court enter an interlocutory Order authorizing an interim distribution from the Receivership Estate to HSSM in the amount of Fifty Thousand Dollars ($50,000) pending, and on account of, the final distributions contemplated under paragraph IV.e. of the Amended Receivership Order.

The Amended Receivership Order contemplates that HSSM will share in any distribution made by the Receiver, along with the holders of other valid fraud claims predating the Initial Receivership Order. The only other party with such a claim which has been identified to date is, of course, the Commission with disgorgement judgments in excess of $62 million, together with post judgment interest since 1993. The Commission has joined in this Motion. The Receiver, in the exercise of reasonable business judgment, believes that the amount of the proposed interim distribution is sufficiently modest such

- 4 -

- 5 -

that the Receivership Estate has sufficient cash and other assets, at this stage of the proceedings, to cover the anticipated operating expenses of the Receivership Estate, to make the proposed interim distribution to HSSM, and to fund the final "fair and equitable" distribution contemplated by paragraph IV.e. of the Amended Receivership Order, the calculation of which would take into account any prior interim distribution to HSSM. In addition, the interlocutory nature of an Order authorizing such an interim distribution, will permit its reevaluation in the event that subsequent developments prove to be other than as anticipated.

## Conclusion

For the foregoing reasons, the Commission and the Receiver respectfully request that the Court enter an interlocutory Order authorizing (i) an interim distribution from the Receivership Estate to HSSM in the amount of fifty thousand dollars ($50,000) pending, and in contemplation of, the final distributions contemplated under paragraph IV.e. of the Amended Receivership Order, and (ii) the Registry of the Court, upon presentation of such Order, to disburse such interim distribution in the amount of fifty thousand dollars ($50,000) to HSSM Limited Partnership; and granting such other and further relief as this Court may deem just and proper.

November 17, 2004                         Respectfully submitted,

_____                   _____
Kathleen A. Ford                          Charles B. Wayne  (D.C. Bar No. 935858)
Securities and Exchange Commission        Piper Rudnick LLP
450 Fifth Street, NW                      1200 Nineteenth Street, N.W.
Washington, DC  20549                     Washington, DC 20036
                                          (202) 861-3900
Counsel for the Securities
and Exchange Commission                   Counsel for the Receiver of the Securities
                                          and Exchange Commission v.
                                          Paul A. Bilzerian et al.,
                                          Civil Action No. 89-1854 (SSH)
                                          Receivership Estate

- 6 -

- 7 -

## Certificate of Service

I hereby certify that I caused true and correct copies of the foregoing Joint Motion for Authorization for Interim Distribution to HSSM #7 Limited Partnership and Memorandum in Support thereof to be served electronically or by overnight courier this 17th day of November, 2004, upon the following:

Harley E. Riedel, II, Esq.
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4700

G. Michael Nelson, Esq.
Nelson, Bixconti & Thompson
718 W. M.L.K. Boulevard
Tampa, FL 33603

Melinda G. Jayson, Esq.
Hall Financial Group
6801 Gaylord Pkwy., Ste. 100
Frisco, TX 75034

Ms. Terri L. Steffen
16229 Villarreal De Avila
Tampa, FL 33613

Mr. Paul A. Bilzerian
16229 Villarreal De Avila
Tampa, FL 33613

Wendy Jo Scalley