# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| SECURITIES AND EXCHANGE COMMISSION, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civil Action No. 89-1854 (RCL) |
| PAUL A. BILZERIAN, *et al.* | ) |
| Defendants | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter now comes before the Court on Earnest Haire's ("Haire") Motion [1058] for Sanctions for Puma and Bilzerian's Failure to Comply with the Court's May 11, 2009, and August 12, 2009 Orders.[1] Also before the Court are the motions of movants Haire [998, 999] and Geoffrey Todd Hodges ("Hodges") [1001] for an order holding Haircut LLLP ("Haircut"), David E. Hammer ("Hammer"), the Puma Foundation ("Puma"), Paul A. Bilzerian ("Bilzerian"), and Terri L. Steffen ("Steffen") in civil contempt for failure to comply with the Court's July 19, 2001 Order [416] ("injunction" or "2001 order"). As set forth below, the Court will grant the motion [1058] for sanctions and will deny the motion [998] for an order holding Haircut in contempt. In addition, the Court will grant motions [999, 1001] for an order holding Hammer, Puma, Bilzerian, and Steffen in civil contempt.

---

[1] Haire's filing is titled "Haire's Notice of Failure to Comply with Purgation Orders and Request for Sanctions." Because Haire requests the Court to impose additional sanctions against Bilzerian, Hammer, and Puma, the Court construes Haire's filing as a motion for sanctions.

## II. BACKGROUND

A detailed background of this case, which was originally brought by the Securities and Exchange Commission ("SEC") against Bilzerian in 1989, is contained in the Court's May 11, 2009, Memorandum Opinion [987], *SEC v. Bilzerian*, 613 F. Supp. 2d 66, 68-69 (D.D.C. 2009). The facts relevant to the issues now before the Court are as follows.

On July 19, 2001, this Court enjoined Bilzerian from commencing proceedings in any court without this Court's permission. (Order [416] at 2 (July 19, 2001).) Specifically, the injunction provides that

> Paul A. Bilzerian, his agents, servants, employees and attorneys, and those persons in active concert or participation with them, who received actual notice of this Order by personal service or otherwise, are prohibited from filing or causing the filing of any complain, proceeding or motion in the United States Bankruptcy Court for the Middle District of Florida, or from commencing or otherwise causing the commencement of any proceedings in any court, other than in this Court or in the appeals of this Court's Orders to the United States Court of Appeals for the District of Columbia, without prior application to and approval of this Court.

On May 11, 2009, this Court found Bilzerian, Hammer, and Puma in civil contempt for violation of the 2001 order by commencing and prosecuting the following lawsuits: *Bilzerian v. Haire*, Case No. 08-09149 in the Thirteenth Circuit, Hillsborough County, Florida; Bilzerian's counterclaim and cross claims in *Caligula v. Nat'l Gold Exchange*, Case No. 07-cv-017763 in the Thirteenth Circuit, Hillsborough County, Florida; Bilzerian's miscellaneous action against Ernest B. Haire, Case No. 08-mc-102 in the Bankruptcy Court for the Middle District of Florida;[2] and Bilzerian's commencement of *Puma Foundation et al. v. Haire*, Case No. 06-009816 in the

---

[2] In the May 11, 2009 Order, the Court incorrectly stated the case number for Bilzerian's miscellaneous action against Haire as Case No. 08-mc-212. The Court corrected this error in its August 12, 2009 Order and changed the case number to 08-mc-102.

2

Thirteenth Circuit Court in Hillsborough County, Florida. (Order [986] at 1-2 (May 11, 2009).)

The Court ordered Bilzerian and Puma to purge their contempt by dismissing the cases above and ordered Hammer to purge his contempt "by ceasing his representation of Bilzerian in any capacity in any litigation matters and withdrawing as counsel, if listed as counsel of record, in any of the above cases." (*Id.* at 1-3.) Bilzerian, Hammer, and Puma were required to purge their contempt within ten days. (*Id.* at 2-3.)

The parties filed numerous motions as a result of the May 11, 2009 Order. In ruling upon those motions, the Court vacated its order holding Hammer in civil contempt for participation in *Caligula v. Nat'l Gold Exchange*, and stated that Hammer could continue to represent Caligula. (Order [1054] at 2 (Aug. 12, 2009).) Furthermore, the Court denied Bilzerian's and Puma's motions for a stay pending appeal. (*Id.* at 1, 3.) Finally, the Court ordered Bilzerian to file notice within ten days stating that he complied with the May 11, 2009 Order by dismissing all suits subject to that order. (*Id.* at 1.)

In a separate order [1055] issued on August 12, 2009 ("show cause order"), the Court, *inter alia*, granted Haire's [998, 999] and Hodges's [1001] motions to show cause. The Court ordered Haircut to show cause as to why it should not be held in civil contempt for violation of this Court's July 19, 2001 Order by pursuing *Haircut Partners, LLP v. Bicoastal Holding Co.*, Case No. 09-cv-799 in the United States District Court for the Middle District of Florida. (Aug. 12, 2009 Order [1055] at 1.) The Court further ordered Bilzerian, Steffen, Hammer, and Puma to show cause as to why the Court should not hold them in civil contempt for violation of the Court's 2001 order by pursuing the following lawsuits: *Bilzerian v. Hodges et al.*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; *Steffen v.*

3

*Hodges et al.*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; *Bilzerian v. Haire*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; *Steffen v. Kline et al*, Case No. 09-10864CA27 in the Eleventh Circuit Court in Dade County, Florida; and *Puma Foundation v. Hodges et al.*, Case No. 09-CA-02180 in the Circuit Court in and for Hillsborough County, Florida. (*Id.* at 2.)

Bilzerian, Puma, and Hammer appealed this Court's May 11, 2009 and August 12, 2009 Orders [986, 1054]. Bilzerian and Puma moved the Court of Appeals to stay this matter pending appeal. The Court of Appeals denied their motions. Despite the fact that their motions to stay were denied by this Court and the Court of Appeals, Bilzerian and Puma have failed to comply with the Court's May 11, 2009 and August 12, 2009 Orders. Hammer notified the Court on May 26, 2009 that he complied with the Court's orders. (Hammer Aff. [993].)

The parties have now responded to the Court's show cause order [1055]. In addition, Haire moves this Court to impose additional sanctions on Bilzerian and Puma because they have failed to comply with Court's May 11, 2009 and August 12, 2009 Orders [986, 1054].[3]

### III. LEGAL STANDARD

All courts possess an inherent power to punish parties. *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006). This power "is essential to [the Court's] ability to enforce judgments and orders." *Bilzerian*, 613 F. Supp. 2d at 70 (citing *Broderick*, 437 F.3d at 1234). Courts hold individuals in civil contempt "to compel compliance with an order of the court . . .

---

[3] In his motion, Haire seeks to impose sanctions against Hammer, in addition to Bilzerian and Puma. Hammer, however, certified to this Court that he complied with the Court's orders on May 26, 2009. (Hammer Aff. [993].) Moreover, in his reply, Haire narrows his request to impose sanctions only against Bilzerian and Puma. As a result, the Court construes Haire's motion for sanctions as applying only to Bilzerian and Puma.

4

[or] 'compensate[] the complainant for losses sustained.'" *Cobell v. Norton*, 334 F.3d 1128, 1145 (D.C. Cir. 2003) (quoting *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 829 (1994)). The Court will hold an individual in civil contempt only if the putative contemnor has violated an order that is clear and unambiguous, and the complainant proves the violation by clear and convincing evidence. *Broderick*, 437 F.3d at 1234. "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002).

Moreover, the Court may hold non-parties in civil contempt if they are successors in interest to a party bound by an order or if they are "aiders and abettors" to a violation of an order by which a party is bound. *See Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13-14 (1943). Indeed, Rule 65(d) of the Federal Rules of Civil Procedure explicitly states that an order granting an injunction binds the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the parties' or their agents, provided that they have actual notice of the order.

## IV. ANALYSIS

Haire has moved for sanctions against Bilzerian and Puma for failure to comply with the Court's May 11, 2009, and August 12, 2009, Orders, in which the Court found that Puma and Bilzerian were in contempt for violating the Court's 2001 order. Haire has also moved to hold Haircut in civil contempt for violation of the Court's 2001 order. Finally, Haire and Hodges both move to hold Bilzerian, Steffen, Hammer, and Puma in contempt for violation of the 2001 order.

As set forth below, the Court will grant Haire's motion [1058] for sanctions and hold

5

Puma and Bilzerian in civil contempt for violation of the Court's May 11, 2009, and August 12, 2009 Orders. In addition, the Court will deny Haire's motion [998] for an order holding Haircut in civil contempt because Haire failed to prove by clear and convincing evidence that Haircut is in violation of the Court's 2001 order. Last, the Court will grant the motions [999, 1001] of Haire and Hodges to hold Bilzerian, Steffen, Hammer, and Puma in contempt for violation of the Court's 2001 order.

A.  **Sanctions**

In response to Haire's motion for sanctions, Bilzerian and Puma concede that they have yet to dismiss their cases as required by the Court's May 11, 2009, and August 12, 2009, Orders to purge their contempt for violation of the Court's 2001 order. They argue that they are waiting to comply with this Court's orders until the Court of Appeals rules on their motions for stay pending appeal because if the Court of Appeals grants their motions, they do not have to dismiss their suits. On October, 15, 2009, the Court of Appeals denied their motions. Puma and Bilzerian, however, have still not complied with the May 11, 2009, and August 12, 2009 Orders. Accordingly, Haire's motion [1058] is GRANTED.

The Court sanctions Puma and Bilzerian by holding them in civil contempt for their failure to comply with this Court's May 11, 2009 Order, which found Puma and Bilzerian in contempt for their violation of the 2001 order. Puma and Bilzerian are therefore ordered to dismiss the following cases within ten days of this date: *Bilzerian v. Haire*, Case No. 08-9149 in the Thirteenth Circuit, Hillsborough County, Florida; Bilzerian's counterclaims and cross claims in *Caligula v. Nat'l Gold Exchange*, Case No. 07-17763 in the Thirteenth Circuit, Hillsborough County, Florida; and *Puma Foundation, et al. v. Haire*, Case No. 06-9816 in the Thirteenth

Circuit Court in Hillsborough County, Florida. In addition, they must notify this Court within ten days of this date of their compliance with this order. If they fail to comply with this order, they will be subject to additional sanctions to coerce compliance.

Haire also seeks attorney's fees. This request is denied. Haire is not entitled to attorney's fees because he is proceeding in this action *pro se*.

### B. Haircut

In its response to the Court's August 12, 2009 Show Cause Order, Haircut argues that it is not subject to the Court's July 19, 2001 Order because it is not Bilzerian, his agent, servant, employee, or attorney, or anyone in active concert or participation with them. The Court reluctantly agrees.

Haire has failed to prove by clear and convincing evidence that Haircut violated the Court's July 19, 2001 Order by appealing the dismissal of its involuntary bankruptcy petition against Bicoastal Holding Company, *Haircut Partners, LLLP v. Bicoastal Holding Co.*, Civ. No. 8:09-799. Haircut is a partnership formed by Dan Bilzerian, Caligula Corporation, and Hammer that was formed to collect debts from Bicoastal Holding Company. Indeed, the fact that Haircut was formed by Bilzerian's son, his son's corporation, and his former attorney raises the Court's suspicion that Haircut is in active concert or participation with Bilzerian. Haire, however, has not provided any evidence for the Court to determine with reasonable certainty that Haircut's appeal is to aid and abet Bilzerian in violation of this Court's order. *See Regal Knitwear Co.*, 324 U.S. at 13-14. Accordingly, Haire's motion [998] to hold Haircut in civil contempt is DENIED.

### C. Bilzerian, Steffen, Hammer, and Puma

Bilzerian, Steffen, Hammer, and Puma have responded to the Court's August 12, 2009 show cause order with nearly identical responses as to why the Court should not find them in contempt for violation of the Court's 2001 order. They each argue that this Court should discharge its show cause order because Haire and Hodges do not have standing to enforce the July 19, 2001 Order; Puma, Steffen, and Hammer are not subject to the July 19, 2001 Order; and the July 19, 2001 Order does not apply to the cases identified above. In the event that the Court does not summarily discharge its show cause order, Bilzerian, Steffen, Hammer, and Puma argue that they are entitled to discovery and an evidentiary hearing. In the alternative, they each move for the Court's permission for the above cases to proceed. Bilzerian and Steffen also renew their motions for appointment of counsel.

The parties made these same arguments to the Court previously. The Court rejected these arguments then, and the Court rejects them now.

First, the argument that the show cause order should be discharged because Haire and Hodges lack standing is without merit. As Haire and Hodges point out, this argument rests on the faulty assumption "that the sole judicial role in this proceeding is as a neutral arbiter of a dispute between private parties." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984). Court have made clear that "[t]hat assumption is incorrect." *Id.* "Federal Courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* Indeed, this power includes the Court's ability to enforce its injunctions. Thus, when Haire and Hodges placed the Court on notice that Bilzerian was in violation of the injunction—both directly and with the help of

8

Steffen, Hammer, and Puma—the Court exercised its own authority, not that of Haire and Hodges, by issuing the show cause order to enforce its injunction. The exercise of this power was entirely appropriate, and the argument that Haire and Hodges lack standing is without merit. Accordingly, the Court will not discharge the show cause order.

Second, the Court rejects the argument that the show cause order should be discharged because Puma, Steffen, and Hammer are not subject to the 2001 order. The 2001 order is clear. It prohibits Bilzerian, his agents, servants, employees and attorneys, and those persons in active concert or participation with them from commencing proceedings in any other court other than this Court, or in the appeals of this Court's Order to the United States Court of Appeals for the District of Columbia, without prior approval from this Court. (Order [416] at 2.)

Haire and Hodges have demonstrated that the Puma, Steffen, and Hammer are acting as Bilzerian's agents, servants, employees and attorneys, and those persons in active concert or participation with them. Puma's and Steffen's lawsuits stem directly from the Puma and Jack Rabbit lawsuits which this Court found violated its July 19, 2001 Order,[4] and Hammer is counsel in both the Puma and Steffen lawsuits. (Hodges' Mot. [1001] at 5; Haire's Mot. [999] at 8.) *See also Bilzerian*, 613 F. Supp. 2d at 74 (discussing the Puma and Jack Rabbit lawsuits). Accordingly, Puma, Steffen, and Hammer are subject to the 2001 order.

Third, Bilzerian, Steffen, Puma, and Hammer argue that the 2001 order does not apply to the following cases because these cases have nothing to do with the receivership estate: *Bilzerian v. Hodges et al.*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the

---

[4] Although the Jack Rabbit lawsuit violated the July 19, 2001 Order, the Court found that the civil contempt proceeding was moot because the case had been dismissed as a result of Bilzerian's and Hammer's conduct. *Bilzerian*, 613 F. Supp. 2d at 74.

Middle District of Florida; *Steffen v. Hodges et al.*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; *Bilzerian v. Haire*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; *Steffen v. Kline et al*, Case No. 09-10864CA27 in the Eleventh Circuit Court in Dade County, Florida; and *Puma Foundation v. Hodges et al.*, Case No. 09-CA-02180 in the Circuit Court in and for Hillsborough County, Florida. Their argument fails.

As this Court stated in its May 11, 2009 Memorandum, the 2001 order "requires Bilzerian to request permission before commencing any proceeding in any court, whether related to the receivership or not." *Bilzerian*, 613 F. Supp. 2d at 75. The requirement to request permission before commencing any proceeding in any court, whether related to the receivership or not, also applies to Bilzerian's "agents, servants, employees, and attorneys, and those persons in active concert or participation with them." (Order [416] at 2.) Here, Bilzerian and his agents, servants, employees, and attorneys, and those persons in active concert or participation with them—*i.e.*, Steffen, Puma, and Hammer—failed to request this Court's permission before commencing the cases listed above. As a result, Bilzerian, Steffen, Puma, and Hammer violated the July 19, 2001 Order. Moreover, Bilzerian, Steffen, Puma, and Hammer "have not provided any proof" that their lawsuits are "limited to the claims that were specifically retained in the consent agreement with the receiver." *Bilzerian*, 613 F. Supp. 2d at 75. Without such proof, the Court "cannot adequately evaluate . . . whether the claims are overbroad . . . in an effort to accumulate assets and shield them from the receiver." *Id.* Accordingly, the 2001 order applies to the cases listed above, and the Court will not discharge the show cause order.

Fourth, the Court rejects the requests of Bilzerian, Steffen, Hammer, and Puma to

conduct discovery and have an evidentiary hearing. Their responses to the show cause order fail to convince the Court that discovery is necessary. Indeed, the fact that lawsuits were filed in violation of the injunction is clear. Similarly, an evidentiary hearing is unnecessary in civil contempt proceedings. All that is required in civil contempt proceedings is that the accused party has notice and an opportunity to be heard. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994). Here, Bilzerian, Steffen, Hammer, and Puma were all given notice and an opportunity to be heard. Accordingly, the Court denies the requests for discovery and an evidentiary hearing.

Fifth, the Court denies Bilzerian's, Steffen's, Hammer's, and Puma's belated motions for permission to continue their lawsuits. Even if their lawsuits have merit, their "claims would belong to the receiver," not to them.

Finally, the Court denies Bilzerian's and Steffen's renewed motions for appointment of counsel. In a civil contempt proceeding, a party is entitled to counsel if the party faces the possibility of incarceration and if the party is indigent. *See e.g., United States v. Bobart Travel Agency, Inc.*, 699 F.2d 618, 620 (2d Cir. 1983). Here, Bilzerian and Steffen do not at this moment face incarceration and have failed to show that they are indigent. Accordingly, the Court denies their motions for appointment of counsel.

Having rejected the arguments raised by Bilzerian, Steffen, Hammer, and Puma, the Court will GRANT the motions [999, 1001] of Haire and Hodges. The Court finds that Bilzerian, Steffen, Hammer, and Puma are in civil contempt of this Court's July 19, 2001 Order by commencing the following lawsuits: *Bilzerian v. Hodges et al.*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; *Steffen v. Hodges et al.*,

Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; *Bilzerian v. Haire*, Case No. 09-ap-93-ALP in the United States Bankruptcy Court for the Middle District of Florida; and *Puma Foundation v. Hodges et al.*, Case No. 09-CA-02180 in the Circuit Court in and for Hillsborough County, Florida. They are ordered to dismiss the cases listed above within ten days of this date. Furthermore, Hammer is ordered withdraw his representation of Steffen and Puma within ten days of this date. Last, the contempt proceeding against Steffen for her commencement of *Steffen v. Kline,* Case No. 09-10864CA27 in the Eleventh Circuit Court in Dade County, Florida, is moot because she voluntarily dismissed the lawsuit.[5]

## V. CONCLUSION

For the reasons set forth above, the Court will GRANT Haire's motion [1058] for sanctions; GRANT Haire's and Hodges' motions [999, 1001] for an order to hold Bilzerian, Steffen, Hammer, and Puma in civil contempt; and DENY Haire's motion [998] for an order holding Haircut in civil contempt. A separate Order shall issue this date.

Failure to comply with the Order issued this date will result in additional proceedings, upon application of movants Haire and/or Hodges, to see what additional steps must be taken to ensure compliance. This may include incarceration of the contemnors.

No stay of the Order issued this date will be granted.

7/13/10
DATE

ROYCE C. LAMBERTH
CHIEF JUDGE

---

[5] Although the contempt proceeding against Steffen for her commencement of *Steffen v. Kline* is moot because she voluntarily dismissed the case, the commencement of *Steffen v. Kline* was a violation of the Court's 2001 order as discussed above.