UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SECURITIES AND EXCHANGE            )
COMMISSION,                        )
                                   )
    Plaintiff,                    )
                                   )
    v.                            )    Civil Action No. 89-1854 (RCL)
                                   )
PAUL A. BILZERIAN, *et al.*,       )
                                   )
    Defendants                    )
_____)

## MEMORANDUM OPINION

### I. INTRODUCTION

Before the Court is defendant Paul A. Bilzerian's Motion [1129] for Rule 60(b) relief from the injunctions entered by this Court on July 5, 2001 [ECF No. 388] and July 19, 2001 [ECF No. 416]. Upon consideration of defendant's Motion, the Receiver's opposition [1130] thereto, the reply [1131], the applicable law, and the entire record in this case, the Court will deny defendant's motion for the reasons set forth below.

### II. BACKGROUND

This Court has summarized the background of this decades-old case many times and only repeats the facts relevant to this decision. A more detailed chronicling can be found at *SEC v. Bilzerian*, 613 F. Supp. 2d 66, 68–69 (D.D.C. 2009).

More than twenty years ago, a jury sitting in the United States District Court for the Southern District of New York convicted Mr. Bilzerian of securities fraud and conspiracy to defraud the United States. *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) (affirming conviction). Mr. Bilzerian was sentenced to four years' imprisonment and fined $1.5 million. *Id.* The SEC then filed a civil suit against him, and this Court ultimately ordered him to disgorge

$62 million in ill-gotten gains. *SEC v. Bilzerian*, 29 F.3d 689 (D.C. Cir. 1994) (affirming judgment) (ruling for the SEC in its civil suit against Bilzerian); *SEC v. Bilzerian*, 814 F. Supp. 116 (D.D.C. 1993) (ordering disgorgement of $33 million in profits), *aff'd*, 29 F.3d 689 (D.C. Cir. 1994); *SEC v. Bilzerian*, 1993 WL 542584 (D.D.C. 1993) (ordering disgorgement of $29 million in prejudgment interest).

Seven years later, with the judgment still unpaid, this Court held Mr. Bilzerian in contempt of the disgorgement order, *SEC v. Bilzerian*, 112 F. Supp. 2d 12 (D.D.C. 2000), *aff'd*, 75 Fed. Appx. 3 (D.C. Cir. 2003), established a receivership estate "for the purpose of identifying, marshalling, receiving, and liquidating his assets," and appointed a Receiver. *SEC v. Bilzerian*, 127 F. Supp. 2d 232, 232 (D.D.C. 2000). Following the Receiver's appointment, Mr. Bilzerian repeatedly attempted to hinder the Receiver's efforts to collect assets in which he had an interest and to interfere with this Court's exclusive jurisdiction through the commencement of litigation in other jurisdictions. Specifically, in the six months following the Receiver's appointment, Mr. Bilzerian:

- Filed for bankruptcy once again in 2001 to frustrate the SEC's collection efforts. *In re Bilzerian*, 258 B.R. 850, 857 (Bankr. M.D. Fla. 2001), *aff'd*, 276 B.R. 285, 295 (M.D. Fla. 2002), *aff'd*, 82 Fed. Appx. 213 (11th Cir. 2003);
- Attempted to relitigate this Court's finding that he had an interest in the Bilzerian Related Entities by commencing litigation in 2001 in Florida and Nevada state courts in which he sought a declaration regarding his rights and interest with respect to four such entities. ECF No. 212, Ex. 1; ECF No. 222, Ex. 1;

- Attempted to reopen his 1991 bankruptcy case in order to sue the SEC in another attempt to obtain a determination that assets of certain Bilzerian Related Entities were exempt from the SEC's collection efforts. ECF No. 370, Ex. A; and

- Aided in the commencement of additional bankruptcy proceedings by his wife, Terri L. Steffen, and Overseas Holding Limited Partnership ("OHLP"), one of the Bilzerian Related Entities in which this Court had found that he had an interest—specifically causing OHLP to file for bankruptcy within weeks after the receiver had obtained an order freezing all assets held in OHLP's name. ECF No. 330; *see* ECF No. 279.

As a consequence of Mr. Bilzerian's repeated efforts to interfere with the Receiver's attempts to establish the sources and amounts of his assets and collaterally attack this Court's rulings, on July 5, 2001, this Court ordered Mr. Bilzerian to show cause why he should not be held in contempt of the Receivership Order. ECF No. 388. This Court ordered Mr. Bilzerian to submit a response, which his counsel did. ECF No. 408. The July 5 Order to Show Cause led to this Court's July 19, 2001 Order ("July 19 Injunction") finding Mr. Bilzerian in contempt of the Receivership Order and enjoining him and those acting in concert with him from filing

> any complaint, proceeding or motion in the United States Bankruptcy Court for the Middle District of Florida, or from otherwise commencing or causing the commencement of any proceedings in any court, other than in this Court or in appeals of [this] Court's Orders to the United States Court of Appeals for the District of Columbia, without prior application to and approval of this Court . . . .

ECF No. 416. Mr. Bilzerian then sought a stay pending appeal, in which he did not claim that he was denied an opportunity to respond to the motions leading to the July 19 Injunction. *See* ECF No. 422.

Since it was entered, Mr. Bilzerian has mounted numerous unsuccessful challenges to the the July 19 Injunction. *See SEC v. Bilzerian*, 75 Fed. Appx. 3 (D.C. Cir. 2003) (01-5008) (affirming the July 5 and July 19 Injunctions); *SEC v. Bilzerian*, (D.C. Cir. Aug. 8, 2006) (05-5355) (affirming that Mr. Bilzerian's challenge to the July 5 and July 19 Injunctions "is barred by the law of the case doctrine because this [C]ourt previously affirmed those orders"); *SEC v. Bilzerian*, (D.C. Cir. Dec. 28, 2010) (09-5246) (affirming the District Court Order holding Mr. Bilzerian and other defendants in contempt of the July 19 Injunction); ECF No. 839 (denying Mr. Bilzerian's 2005 motion to terminate the July 5 and July 19 Injunctions). This Court found Mr. Bilzerian in contempt of the July 19 Injunction in 2009, a finding that was affirmed by the D.C. Circuit. *See SEC v. Bilzerian*, Judgment (D.C. Cir. Dec. 28, 2010) (09-5246).

### III.  LEGAL STANDARD

Mr. Bilzerian seeks to terminate the July 5 and July 19 Injunctions under Federal Rule of Civil Procedure 60(b)(4) and 60(b)(5).[1] Federal Rule of Civil Procedure 60(b) permits the Court to "relieve a party from a final judgment, order or proceeding for the following reasons: . . . (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ." Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional cases. *See Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011); *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 18 (D.D.C. 2010) ("Courts should only grant Rule 60(b) motions in extraordinary circumstances"). Relief under Rule 60(b)(4) and (5) must also be sought within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

---

[1] The Court will treat Mr. Bilzerian's challenge to the July 5 and July 19 Injunctions as a challenge only to the July 19 Injunction. The Order issued by this Court on July 5, 2001 acted as a temporary injunction until the Court entered a permanent injunction on July 19, 2001, at which point the July 5 Injunction merged into the July 19 Injunction. *See* ECF No. 416. Mr. Bilzerian therefore can challenge only the July 19 Injunction.

4

## IV. ANALYSIS

### A. Rule 60(b)(4)

Mr. Bilzerian argues that entry of the July 19 Injunction is void and should be vacated under Rule 60(b)(4) because (1) it was entered without notice or a hearing, violating due process; and (2) the injunction denies him the right of access to the courts.

Mr. Bilzerian previously raised this due process challenge in his first appeal of the injunction, and his argument was rejected by the Court of Appeals. Under the law of the case doctrine, courts are prevented from reconsidering issues that have already been decided in the same case. In other words, "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). Accordingly, "a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987) (citations omitted). In its order affirming the July 19 Injunction, the D.C. Circuit noted that the only claim raising any substantive legal issue was Mr. Bilzerian's contention that the July 5 Injunction was invalid, but then pointed out that Mr. Bilzerian "was given until July 12 to respond to the July 5 injunction, he did in fact respond through counsel, and his response raised no procedural or substantive objections at all." *SEC v. Bilzerian*, 75 Fed. Appx. 3, 4 (D.C. Cir. 2003). Not only was Mr. Bilzerian deemed to have waived his due process challenge to the July 19 Injunction at that time, but his due process challenge to the injunction was rejected on appeal in 2003. Mr. Bilzerian is therefore barred by the law of the case doctrine from challenging the July 19 Injunction on due process grounds again.

Furthermore, Mr. Bilzerian did not raise the access to the courts issue in his first appeal of the July 19 Injunction. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Mr. Bilzerian's omission does not entitle him to Rule 60(b)(4) relief now.

Mr. Bilzerian cannot, almost a decade later, challenge the July 19 Injunction on grounds that he could have raised at the time of his first appeal but chose not to do so then, nor can he raise the same challenge that he raised in his first appeal that was previously rejected by the Court of Appeals. He is therefore not entitled to relief under Rule 60(b)(4).

### B. Rule 60(b)(5)

Alternatively, Mr. Bilzerian seeks to terminate the July 19 Injunction pursuant to Rule 60(b)(5) on the ground that "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "Courts should only grant Rule 60(b) motions in extraordinary circumstances. *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 18 (D.D.C. 2010). In support of his motion, Mr. Bilzerian states that "[t]here are no assets left in the estate and there is no longer any reason for the Litigation Injunctions (or for the Receivership for that matter) to exist." Mot. [1129] at 25. These assertions do not negate the fact that Mr. Bilzerian has repeatedly refused to make financial disclosures to the Receiver as well as collaterally attack this Court's rulings, nor do they amount to a showing of "extraordinary circumstances" necessary for relief under Rule 60(b)(5).

### V. CONCLUSION

For the reasons discussed above, the Court will deny Mr. Bilzerian's Motion for Rule 60(b) Relief. A separate Order consistent with this opinion will issue today.

Signed by Royce C. Lamberth, United States District Judge, on October 3, 2011.