UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| Plaintiff, : | |
| : | Civil Action |
| v.    : | No. 89-1854 (RCL) |
| : | |
| PAUL A. BILZERIAN, et al., : | |
| Defendants. : | |

**MEMORANDUM IN OPPOSITION TO PAUL A. BILZERIAN'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Securities and Exchange Commission ("Commission" or "SEC"), respectfully submits this Memorandum in Opposition to Paul A. Bilzerian's motion to proceed *in forma pauperis*.

**Background**

On January 28, 1993, U.S. District Judge Stanley S. Harris, of the District of Columbia, entered a judgment (the "Judgment") against Paul Bilzerian in an amount over $33 million.[1] Shortly thereafter, Judge Harris ordered Mr. Bilzerian to pay an additional $29 million in prejudgment interest.[2] These judgments remain unsatisfied.

On August 21, 2000, Judge Harris held Bilzerian in contempt for failing to comply with the Judgment entered against him in this case.[3] Judge Harris summarized the latest phase in the then "long history of litigation involving Bilzerian and the SEC, both in this Court and

---

[1] *SEC v. Bilzerian*, 814 F. Supp. 116 (D.D.C. 1993).
[2] *SEC v. Bilzerian*, 1993 WL 542584 (D.D.C. June 25, 1993).
[3] *SEC v. Bilzerian*, 112 F. Supp.2d 12 (D.D.C. 2000).

elsewhere."[4]  Eighteen years and 1,050 docket entries later, Bilzerian again requests to proceed *in forma pauperis*.  In support of his application, Bilzerian supplies a financial affidavit purporting to show his indigence and further notes that he will provide any additional requested information.

Over the last 17 years, Bilzerian has repeatedly requested that this Court and the D.C. Circuit permit him to proceed *in forma pauperis*, and each such request has been denied.[5]  The Court has repeatedly found that Bilzerian failed to provide the requisite financial information to explain the manner in which he supports himself necessary to evaluate his requests.  These denials have been based on Bilzerian's prior incomplete, inaccurate and misleading statements related to his assets and control over various entities.[6]  Based on the record before the Court, this request is also frivolous and should be denied.

## ARGUMENT

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system."[7]  To proceed *in forma pauperis* the party must submit an affidavit that includes a statement of all assets the party possesses and the Court finds that the party is unable to pay the required court fees.[8]  Leave to file a claim *in forma*

---

[4] *Id.* at 14.
[5] *See, e.g.*, Order dated August 13, 2001 in D.C. Circuit Case No. 01-5008; Order dated August 12, 2009 (Dkt. No. 1055); Order dated May 11, 2009 (Dkt. No. 986); Order dated November 27, 2001 (Dkt. No. 560); Order dated August 20, 2001 (Dkt. No. 465); Order dated June 28, 2001 (Dkt. No. 383); Order dated May 17, 2001 (Dkt. No. 291).  In case No. 12-5034, the D.C. Circuit Court granted Bilzerian's motion to proceed *in forma pauperis*, but it did so in an order that simultaneously denied Bilzerian's petition for a writ of mandamus, thereby ending the entire appeal.
[6] *See, e.g.*, Mem. and Order dated October 3, 2011 at 2 (Dkt. No. 1143) (describing Bilzerian's "abuse[ of] the judicial system . . . in a concerted effort to interfere with the SEC's attempts to establish the sources and amounts of his assets").
[7] *Greaser v. State of Mo., Dep't of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998) (*citing Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997)).
[8] *Crews v. United States*, 38 Fed. Cl. 10 (Ct. Cl. 1997).

*pauperis* has always been a matter of grace, a privilege granted in the court's discretion,[9] and denied in the court's discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith.[10]

As noted above, this Court and the appellate Court have repeatedly denied Bilzerian's requests to proceed *in forma pauperis*. In denying Bilzerian's request in 2002, the Court "found that defendant Bilzerian has engaged in a pattern of deception and financial maneuverings in order to shield his assets from legitimate creditors and from the accounting that the Court had undertaken, and that Bilzerian continues to maintain control over considerable wealth."[11] The Court's words remain accurate today. Nothing has changed, and again Bilzerian's unsupported "conclusory declarations that [he] has no assets will not satisfy his burden."[12] The tax information that Bilzerian recently provided to which he points in his reply in support of his application in the D.C. Circuit does not provide sufficient visibility into his financial situation. Bilzerian's "financial maneuverings" over 17 years ago prevent any possible determination of his net worth. Because Bilzerian has failed to provide any basis for this Court to depart from its prior rulings regarding his finances and his efforts to shield his assets from collection, his request should be denied.

---

[9] *See Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) ("the exception rather than the rule").
[10] *See Sills v. Bureau of Prisons*, 761 F.2d 792, 795 (D.C. Cir. 1985); *Maloney v. E.I. DuPont de Nemours & Co.*, 396 F.2d 939, 940 (D.C.Cir. 1967).
[11] Dkt. No. 651.
[12] *Bilzerian*, 112 F. Supp.2d at 23.

## CONCLUSION

For the reasons stated above, the Commission respectfully asserts that the Application should be denied.

December 21, 2018

                                       Respectfully submitted,

                                       s/MICHAEL J. ROESSNER
                                       Michael J. Roessner
                                       Attorney for Plaintiff
                                       United States Securities and Exchange Commission
                                       100 F Street, N.E., Mail Stop 5275
                                       Washington, D.C. 20549
                                       (202) 551-4347 (Phone)
                                       (202) 772-9223 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, a copy of the foregoing Memorandum in Opposition to Application to Proceed *in forma pauperis* by Paul A. Bilzerian was served on the following by overnight mail:

Paul A. Bilzerian
631 St. Christopher Club
Frigate Bay, St. Kitts

s/MICHAEL J. ROESSNER
Michael J. Roessner
Attorney for Plaintiff
United States Securities and Exchange Commission
100 F Street, N.E., Mail Stop 5275
Washington, D.C. 20549
(202) 551-4347 (Phone)
(202) 772-9223 (Fax)
