UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

    *Plaintiff,*

v.

PAUL BILZERIAN, *et al.*,

    *Defendants.*

Case No. 1:89-CV-1854-RCL

### ORDER GRANTING MOTION FOR POST-JUDGMENT INTERVENTION

On July 19, 2001, in response to a fusillade of frivolous litigation aimed at evading accountability for multiple violations of federal securities laws, this Court ordered Paul Bilzerian and his associates to refrain from "commencing or causing the commencement of any proceedings in any court, other than in this Court . . . without prior application to and approval of this Court." Order, ECF No. 416; *SEC v. Bilzerian*, 613 F. Supp. 2d 66, 69 (D.D.C. 2009).

On July 26, 2023, Kevin Horstwood, acting *pro se*, submitted an 824-page document to this Court styled as a Motion for Order to Show Cause, which is yet to be docketed. In it, Mr. Horstwood requested that Mr. Bilzerian be found in contempt of the 2001 order. Mr. Horstwood alleges that, beginning in 2009, Mr. Bilzerian ensnared him in a web of predatory loans, some executed under duress, related to Mr. Horstwood's efforts to purchase certain properties on the island of St. Kitts. While the loans bear the name of Mr. Bilzerian's son, Adam Bilzerian, Mr. Horstwood alleges that Paul Bilzerian masterminded the transactions. When Mr. Horstwood defaulted, Mr. Bilzerian initiated lawsuits on Adam Bilzerian's behalf in 2011, 2016, and 2017 in the Eastern Caribbean Supreme Court aimed at taking control of Mr. Horstwood's businesses.

This Court instructed Mr. Horstwood to file a Motion to Intervene, which is now before the Court. ECF No. 1240. "[U]nder Rule 24(b)(2), the putative intervenor must ordinarily present:

1

Case 1:89-cv-01854-RCL    Document 1247    Filed 06/18/24    Page 2 of 2

(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Each requirement is met here. First, an alleged violation of the 2001 order is at issue, so this Court "retains a residual jurisdiction to enforce its mandate." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am., UAW v. Occupational Safety & Health Admin.*, 769 F.2d 749, 750 (D.C. Cir. 1992). Second, the motion is timely because Mr. Horstwood alleges a continuing violation of the order: the ongoing proceedings in St. Kitts. Mr. Bilzerian contends the motion is untimely in part because it is an eleventh-hour effort to disrupt the St. Kitts litigation about Mr. Horstwood's loan obligations. Surreply at 2, ECF No. 1245. However, although "the requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties," *Roane v. Leonhart*, 471 F.3d 147, 151 (D.C. Cir. 2014), this concern is inapposite where the very purpose of the order is to thwart Mr. Bilzerian's alleged abusive litigation practices. Third and finally, the motion alleges behavior of the sort that the July 2001 order was intended to prevent, and therefore invokes questions of law and fact common to the main action. In addition to the above, the Court is satisfied that Mr. Horstwood has satisfied the requisites of Article III standing.

Upon consideration of the motion of Kevin Horstwood and the replies and responses thereto, it is hereby **ORDERED** that Mr. Horstwood's Motion to Intervene is **GRANTED**. The Clerk is hereby directed to docket the Motion for Order to Show Cause lodged with the Clerk's Office by Kevin Horstwood on July 26, 2023.

Date: June 18, 2024

Royce C. Lamberth
United States District Judge

2