UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>**PAUL A. BILZERIAN, et al**,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:89-cv-1854-RCL<br>)<br>)<br>)<br>)<br>) |

## ORDER TO SHOW CAUSE

Before the Court is Kevin Horstwood's Motion for an Order to Show Cause, ECF No. 1248, and defendant Paul Bilzerian's Motion to Strike Horstwood's motion, ECF No. 1249. For the reasons contained herein, Mr. Horstwood's motion is **GRANTED**, and Mr. Bilzerian's motion is **DENIED**.

In July of 2023, Mr. Horstwood, acting *pro se*, submitted an 824-page document to this Court, styled as a Motion for an Order to Show Cause. Mr. Horstwood's motion alleges that Mr. Bilzerian has instituted legal proceedings against him in St. Kitt's, in contempt of this Court's Order forbidding Mr. Bilzerian and his associates from "commencing or causing the commencement of any proceedings in any court, other than in this Court . . . without prior application to and approval of this Court." Order of July 19, 2001, ECF No. 416. The Court informed Mr. Horstwood that he had to move for post-judgment intervention before his motion could be considered. Mr. Horstwood filed a Motion to Intervene as instructed, ECF No. 1240, which the Court granted on June 18, 2024, ECF No. 1247. Mr. Horstwood's Motion for an Order to Show Cause was then docketed on July 1, 2024.

On July 7, 2024, Mr. Bilzerian moved to strike Mr. Horstwood's motion, arguing that Mr. Horstwood's lengthy memorandum violates Local Civil Rule 7(e), which provides that "[a] memorandum of points and authorities in support of . . . a motion shall not exceed 45 pages," and that a noncompliant memorandum "shall not be filed by the Clerk." *See* Mot. to Strike 1–2; LCvR 7(e). Mr. Bilzerian also argues that Mr. Horstwood is a "serial fraudster" and "deadbeat" seeking to use the Court's Order to avoid repaying his legitimate debts to Mr. Bilzerian. *Id.* at 2–3. Mr. Bilzerian concludes by arguing that Mr. Horstwood's allegations are "lies and distortions," and that it will be unduly burdensome for him to respond to "93 pages of garbage . . . ." *Id.* at 3. None of Mr. Bilzerian's objections to Mr. Horstwood's motion have merit.

First, it is true that Mr. Horstwood's motion exceeds the length permitted under LCvR 7(e). Compliance with the Local Rules of Civil Procedure is no mere technicality, even for a *pro se* plaintiff, and ordinarily a failure to comply will result in denial of a motion. *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016) ("[E]ven a pro se plaintiff must comply with the Federal Rules of Civil Procedure and this Court's local rules . . . ."). However, the Court has discretion, under sufficiently compelling circumstances, to entertain a motion that does not comply with Rule 7(e), as other courts in this district have done. *See, e.g.*, *Menkes v. Dep't of Homeland Sec.*, 662 F. Supp. 2d 62, 68 n.4 (D.D.C. 2009) ("This Court has discretion to accept the memorandum, despite it violating [Local Rule 7(e)] . . . ."); *Sharp v. Vilsack*, No. 19-cv-2393-TNM, 2023 WL 7279231, at *5 n.3 (D.D.C. Nov. 3, 2023) ("admonish[ing]" a litigant for "overrunning the page-limit requirement," but opting to "review[] and consider[] all the arguments . . . raised in her memorandum" anyway). In this case, there are strong reasons for the Court to consider Mr. Horstwood's motion despite its technical noncompliance. First, the complex and idiosyncratic factual circumstances of Mr. Horstwood's dispute with Mr. Bilzerian lend themselves to lengthier

documentation. Second, it is not lost on the Court that Mr. Bilzerian has a well-documented history of attempting to evade legal liability through frivolous and vexatious litigation tactics, and it would be inequitable to reward his behavior with a rigid application of Rule 7(e). Finally, although Mr. Horstwood did not seek leave to exceed Rule 7(e)'s page limit before initially filing his motion, the Court ultimately ordered that his motion be docketed as-is. In light of these considerations, the Court will exercise its discretion to consider Mr. Horstwood's motion, although he is hereby admonished to be mindful of his obligations under the Local Rules going forward.

Mr. Bilzerian's argument that Mr. Horstwood is attempting to wield this Court's order to avoid liability for his debts is irrelevant. Even if Mr. Bilzerian's legal actions against Mr. Horstwood are meritorious, the Court's Order plainly contains no exception for meritorious actions. The terms of the Order are clear: Mr. Bilzerian must seek leave of this Court before "commencing or causing the commencement of *any* proceedings in *any* court, other than in this Court . . . ." Order July 19, 2001 (emphasis added). If Mr. Bilzerian indeed had legitimate claims against Mr. Horstwood, he should have asked this Court's permission to pursue those claims.

Finally, the Court is unmoved by Mr. Bilzerian's argument that he should not have to respond to Mr. Horstwood's long list of alleged "lies and distortions." Fortunately for Mr. Bilzerian, at this time, he does not have to respond to most of Mr. Horstwood's allegations at all. The only fact that matters to the Court's determination of whether Mr. Bilzerian is in contempt is whether he did or not do that which the Order forbids: instigating litigation without leave of this Court. Mr. Bilzerian, therefore, only needs to respond to Mr. Horstwood's detailed and facially plausible allegations that Mr. Bilzerian commenced or caused the commencement of legal proceedings without leave of this Court. This is hardly too heavy a burden.

Therefore, upon consideration of both parties' motions, this Court's Order of July 19, 2001, and the entire record herein, it is hereby

**ORDERED** that Mr. Horstwood's Motion for an Order to Show Cause is **GRANTED**; and it is further

**ORDERED** that Mr. Bilzerian's Motion to Strike is **DENIED**; and it is further

**ORDERED** that Mr. Bilzerian shall show cause in writing, no later than October 18, 2024, why he should not be held in contempt for violating this Court's Order, dated July 19, 2001, which provides as follows:

> ORDERED that Defendant Paul A. Bilzerian, his agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are prohibited from filing or causing the filing of any complaint, proceeding or motion in the United States Bankruptcy Court for the Middle District of Florida, or from otherwise commencing or causing the commencement of any proceedings in any court, other than in this Court or in appeals of this Court's Orders to the United States Court of Appeals for the District of Columbia, without prior application to and approval of this Court;

and it is further **ORDERED** that Mr. Horstwood shall file, within 10 days, proof of service of this order and their moving papers on Mr. Bilzerian.

It is **SO ORDERED**.

Date: September 20, 2024

Royce C. Lamberth
United States District Court Judge