UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
Mail Room

FEB 19 2025

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.                                                                Case No. 89-1854 (RCL)

PAUL A. BILZERIAN,

     Defendant.

_____/

## KEVIN HORSTWOOD'S VERIFIED MOTION TO ENFORCE COURT ORDER AND FOR INITIATION OF CRIMINAL CONTEMPT PROCEEDINGS FOR NONCOMPLIANCE

KEVIN A. HORSTWOOD ("Horstwood"), *pro se*, hereby moves this court for an order enforcing its previous order [Dkt 1257] and initiating criminal contempt proceedings against **PAUL A. BILZERIAN, ADAM J. BILZERIAN, DERRIANN CHARLES,** and **GREGORY GILPIN-PAYNE.** In support of this Motion, Horstwood states as follows:

**I.**     **Paul Bilzerian has not complied with this Court's order.**

On January 24, 2025, this Court entered an order (the "Contempt Order") finding Paul Bilzerian (hereafter "Paul") in civil contempt [Dkt 1257] for violation of this Court's July 19, 2001 Order [Dkt 416]. The Contempt Order had three requirements of Paul, which are discussed below:

     A.  **Requirement One**: "immediately dismissing or withdrawing any lawsuit against Mr. Kevin Horstwood or his attorneys that is pending in any foreign or domestic court. Such lawsuits include, but may not be limited to, the cases numbered SKBHCV 2011/0320, SKBHCV 2016/0311, and SKBHCV 2017/0072 pending in the Eastern Caribbean Supreme Court.

Paul has not dismissed or withdrawn any lawsuits against Horstwood. Instead, on February 7, 2025, Paul filed a document entitled "Notice of Compliance With This Court's

January 24, 2025 Order" [Dkt 1258] (hereafter "Paul's Notice"). In Paul's Notice, Paul stated: "I hereby certify that I am not a party to any case involving Mr. Horstwood or his attorneys and therefore do not have any ability to dismiss or withdraw any lawsuit against them." This claim is demonstrably false. Paul has filed in each of these cases against Horstwood a power of attorney (the "Power") from Adam Bilzerian ("Adam"), appointing Paul as his "lawful agent and attorney-in-fact," a copy of which is attached as Exhibit KAH 1[1]. According to the Power, "This Power of Attorney shall specifically apply to CLAIM NO. SKBHCV2011/0320, Adam Bilzerian vs. Kevin Horstwood" (and others). According to the Power, "I [Adam] give my said Agent [Paul] full power and authority to do and perform each and every act or thing whatsoever necessary or proper to be done, in the exercise of any of the rights and powers granted in this instrument, as fully to all intents and purposes as I might or could do if personally present and able to perform. To take any action necessary and to sign any documents necessary, to hire attorneys to represent me, and to file or defend any claims where I am a named party."

It is clear that Paul's statement that he does "not have any ability to dismiss or withdraw any lawsuit" is simply false. The Power was filed in all three of the cases named in the Contempt Order. Paul used the Power to purport to grant Paul authority to appear and speak at every single hearing in those cases. Paul cannot now deny that he has the power to dismiss or withdraw them.

B. **Requirement Two:** "shall furnish a copy of this Order to his attorneys, as well as to Mr. Adam Bilzerian, Mr. Dan Bilzerian, Mr. Gregory Gilpin-Payne, and Mr. Vernon Veira."

---

[1] A copy of the Power was also attached to Horstwood's Motion for Order to Show Cause [1248], Exhibit KAH C-4, Pages 111-114.

In Paul's Notice, Paul certifies that he has "mailed, postage prepaid, a copy of the [Contempt Order] to each of those four individuals." Paul also states that he "did request on February 3, 2025, that the plaintiffs or claimants dismiss or withdraw" the claims listed in the Contempt Order.[2] While Paul's Notice lacks Paul's customary signature block with his address in St Kitts, it is common knowledge that Paul is living in St Kitts at the Marriott Residences in Frigate Bay, while he evades arrest on his most recent indictment. If, in fact, Paul did send the Contempt Order by mail from St Kitts to Adam Bilzerian and Dan Bilzerian, both of whom live in the United States, mail typically takes multiple months to travel from St Kitts to USA. Paul also certified that he sent Horstwood a mail copy of Paul's Notice to Horstwood's home in Grenada on February 7, 2025, but Horstwood has not received it yet. Surely, Paul could and should have provided the order to these individuals by e-mail, as two of them are his children and two of them are his colleagues in St Kitts. Notably, Paul does not mention how or to whom he "did request on February 3, 2025, that the plaintiffs or claimants dismiss or withdraw."

  C. **Requirement Three:** "shall file, within fourteen days of this Order, proof of compliance with this Order."

Of course, Paul did not file proof of compliance, because Paul did not comply. Rather, Paul filed Paul's Notice, in a thinly veiled attempt to argue once more that the Contempt Order did not apply to him.

---

[2] In Paul's Notice, Paul incorrectly listed the names of the first two suits as "Claim No. SKBHCV2011/0320, International Investments Ltd vs Kevin Horstwood: and "Claim No. SKBHCV2016/0311, International Investments Ltd vs Kevin Horstwood." In fact, International Investments Ltd ("IIL") is not the Claimant or Plaintiff in either of those claims. Adam Bilzerian is the claimant in both. On May 18, 2023, Adam filed an application to substitute IIL in lieu of Adam as a party, and that application was granted but then reversed on appeal. On November 14, 2024, Adam filed a second application to substitute IIL in lieu of Adam as a party. That application remains pending and is set for hearing on February 27, 2025.

This Court should **initiate criminal contempt proceedings** against Paul A. Bilzerian for his ongoing, contumacious disregard for this Court's orders. Paul could have dismissed or withdrawn the cases against Horstwood, but he did not. Instead, he made statements that are so obviously false that this Court should be insulted. This Court should infer that Paul's disobedience is intentional and that criminal contempt is appropriate.

**II.**    **Adam J. Bilzerian has not complied with this Court's Order.**

According to the Contempt Order, "all those in receipt of this Order are hereby advised that noncompliance may result in the initiation of criminal contempt proceedings." Moreover, according to the Contempt Order, it was incumbent upon not only Paul, but "his attorneys, his associates (including, but not limited to, Mr. Adam Bilzerian, Mr. Vernon Veira, and Mr. Gregory Gilpin-Payne)" to **immediately dismiss or withdraw** their lawsuits against Horstwood.

A. **Adam's Counsel Reaches Out.**

On February 10, 2025, Horstwood received by email a letter from Las Vegas-based attorney David Z. Chesnoff (dated February 6, 2025), a copy of which is attached as Exhibit KAH 2. Attorney Chesnoff stated that he represents Adam Bilzerian, and requested a phone call. Horstwood organized a Zoom call on February 11, 2025, including Michelle Slack-Clarke (Horstwood's lawyer in St Kitts), Mr. Chesnoff, and Horstwood. On that Zoom call, Mr. Chesnoff indicated (i) that Adam wished to comply with the Contempt Order; (ii) that he did not know how to comply and was calling to ask for assistance; and (iii) that he was not aware that St Kitts attorney Derriann Charles had been appearing for his client, Adam[3]. Later that day, Horstwood's lawyer (Ms. Clarke)

---

[3] Presumably, Paul hired, and instructed, Derriann Charles, without even informing Adam that he had counsel.

provided Mr. Chesnoff form templates that Mr. Chesnoff (who is not a member of the St. Kitts bar) could provide Adam, to (i) discharge Derriann Charles and act *pro se*, and thereupon immediately (ii) dismiss the cases as a (newly) *pro se* litigant.  A copy of Ms. Clarke's email transmission to Mr. Chesnoff is attached as Exhibit KAH 3.

B. **Adam's Counsel Demands a Release for Adam as a Condition to Compliance with the Contempt Order.**

On February 12, 2025, Mr. Chesnoff reached Ms. Clarke by phone, which Ms. Clarke advised Horstwood by email, a copy of which is attached as Exhibit KAH 4.  Mr. Chesnoff requested (1) to amend the notice of discontinuance to reflect that the cases were being discontinued as a result of the Contempt Order; and (2) a release for Adam. Attorney Richard Schonfeld, a partner of Mr. Chesnoff, transmitted the release which Adam requested.  A copy of Mr. Schonfeld's draft is attached as Exhibit KAH 5. Horstwood agreed to the first request (that this Court's order be noted in the notice of discontinuance), but declined the second request (for a release).[4]  Horstwood agreed that he would not pursue Adam further in this Court for enforcement if Adam promptly filed the discontinuances.

On February 13, Horstwood was contacted by Mr. Schonfeld, and Mr. Schonfeld stated that Adam refused to discontinue the cases unless he received a general release

---

[4] This request for a release is not academic.  St. Kitts follows the English rule that the losing party is responsible for the legal fees of the prevailing party.  Horstwood has obtained numerous costs orders against Adam which are all unpaid, and Horstwood has several more costs applications pending. Horstwood has spent a large sum of money defending this frivolous litigation from Adam over fourteen years, which, although brought by Paul, was authorized by Adam under Adam's Power of Attorney. Horstwood is entitled under the laws of St. Kitts, where Adam is a citizen, to collect on these orders from Adam.  Adam cannot rightly precondition compliance with this Court's Contempt Order upon Horstwood's abandonment of the costs orders which Horstwood has rightly won.

from Horstwood. Mr. Schonfeld stated that he disagreed that Adam was required to discontinue these cases.

This Court should initiate criminal contempt proceedings against Adam J. Bilzerian[5] because Adam, through his Las Vegas lawyers, has openly refused to comply with this Court's orders.

III.   **Attorney Derriann Charles has not complied with this Court's Contempt Order.**

Attorney Derriann Charles ("Charles") is the lawyer in St. Kitts who has been representing Adam, Paul, and their companies since May 18, 2023. See Notice of Acting, a copy of which is attached as Exhibit KAH 6. Upon receipt of this Court's order, Horstwood caused it to be personally served upon Derriann Charles' law firm, Charles and Associates. See Proof of Service dated February 14, 2025, a copy of which is attached as Exhibit KAH 7 ("Charles Service"). According to the Charles Service, on January 31, 2025, Kevaughn G. Browne personally served a copy of this Court's January 24, 2025 Order and Memorandum Opinion, along with Horstwood's cover letter, upon Jevonie Lavia. Jevonie Lavia is an administrator of the law firm of Charles & Associates, and he confirmed that he is duly authorized to accept service for and on behalf of attorney Derriann Charles.

Nevertheless, Charles, who is counsel of record in all three of the cases named in the Contempt Order, has not dismissed or withdrawn them. Instead, on February 7, 2025 (a week after she was served with the Contempt Order), Charles filed submissions of legal argument as to why her application to substitute International Investments Ltd ("IIL")

---

[5] Although Adam has relinquished his U.S. citizenship, he lives in the United States. He has two homes there, one in Las Vegas, Nevada, and one in Crosslake, Minnesota, where he lives with his American wife and their three children.

for Adam Bilzerian in two of the three cases should be granted. A copy of those submissions are attached as Exhibit KAH 8 ("Submissions"). Notably, in those submissions, Charles openly defies this Court's order:

> In reply to the Respondent/Defendant's assertion at Page 7 of its submissions that Mr. Paul Bilzerian is prohibited from engaging in the proceedings under a Power of Attorney, the Claimant/Applicant asserts that this statement is untrue. There is no judgment or decision of the Court prohibiting Mr. Paul Bilzerian from appearing under the validly existing Power of Attorney in his favour, once there is Counsel on record advocating the matter. The Claimant/Applicant reiterates that any mention of Orders requiring Mr. Paul Bilzerian to discontinue proceedings is of no merit, as the instant matter is being advanced by Mr. Adam Bilzerian and once substituted, would be advanced by International Investments Limited, neither of which are Mr. Paul Bilzerian. The Claimant/Applicant respectfully submits that the US Court Order in respect of Mr. Paul Bilzerian has no relevance to the matters at hand.

Submissions, p. 4.

Attorney Derriann Charles, who had notice of this Court's order on January 31, 2025, knows that this Court's order applies to Adam, to IIL, and to her. This Court should initiate criminal contempt proceedings against Attorney Derriann Charles for her open and offensive disobedience.

IV.    **Gregory Gilpin-Payne has not complied with this Court's Order.**

Gregory Gilpin-Payne ("Gregory") is a St. Kitts national whom Paul installed into Horstwood's companies for the purpose of perpetuating Paul's contemptuous litigation.[6] The Contempt Order recognized this already, and specifically named Gregory as an individual who must be provided the Contempt Order and who must comply.

---

[6] Notably, Gregory is also named in the SEC's civil suit in the Southern District of New York involving Paul's machinations with Ignite International Brands, Ltd. See Securities and Exchange Commission v. Ignite International Brands, Ltd. et al., No. 1:24-cv-07331 (S.D.N.Y. filed September 27, 2024).

Specifically, as to the three cases which are to be dismissed, Gregory's role is in SKBHCV2017/0072[7]. While there were originally more parties to this case, many claims and parties have already been dismissed prior to the entry of the Contempt Order. The claims and parties that remain are only Lemon Grove Company Ltd. ("LGC") as Claimant, and Terence Byron and Byron & Byron as Defendants (the "Lemon Grove Claim"). Terence Byron is a St. Kitts lawyer who has represented Horstwood and his companies.

The Contempt Order requires that both Gregory and Lemon Grove Company Ltd purge their contempt by immediately dismissing or withdrawing any lawsuit against Mr. Kevin Horstwood or his attorneys. The Lemon Grove Claim has Attorney Derriann Charles purporting to represent LGC, under the purported authority from Gregory. See Affidavit of Gregory Gilpin-Payne of January 26, 2024, attached as Exhibit KAH 9, which states "I am the President of Lemon Grove Company Limited ('Lemon Grove'), the Claimant herein, and I am duly authorized to swear this affidavit on behalf of the Claimant herein."

Horstwood caused to be served a copy of this Court's Contempt Order and Memorandum Opinion upon Gregory. Horstwood retained the Court Bailiff, Andrew Liburd, to perform the service. Mr. Liburd's proof of service, a copy of which is attached as Exhibit KAH 10, which he returned to Horstwood on January 31, 2025, states "I Andrew Liburd, Senior Bailiff of the High Court, do hereby certify that I personally served Mr. Gregory Gilpin-Payne a true copy of this document along with Demand Letter dated 31st January 2025, and supporting document, on Friday 31st January 2025, at or about 5:05 p.m. at Marriott Residences situate at Zen Way Boulevard, Frigate Bay."

---

[7] This case has since been re-numbered by the Court, and is currently numbered as SKBHCV2024/0015.

To this date, the case SKBHCV2024/0015, Lemon Grove Company Ltd. v. Terence V. Byron and Byron & Byron (formerly numbered SKBHCV2017/0072) remains pending, under the authority of Gregory, and not dismissed or withdrawn as is required by the Contempt Order. This Court should initiate criminal contempt proceedings against Gregory to enforce its order.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Horstwood respectfully requests that this Court enforce its Contempt Order, and initiate **criminal contempt proceedings** against Paul Bilzerian, Adam Bilzerian, Derriann Charles, and Gregory Gilpin Payne.

## VERIFICATION

I, Kevin Andrew Horstwood, hereby declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on this 18th day of February, 2025.

KEVIN A. HORSTWOOD
Haven House, Grand Mal, St George,
Grenada W.I.
Tel; +1 473 534 0087
E-mail kevinhorstwood@yahoo.co.uk

## CERTIFICATE OF SERVICE

I Kevin Andrew Horstwood hereby certify that I served a copy of the foregoing by regular or electronic mail on Paul A. Bilzerian P.O. Box 2086, Basseterre, St. Kitts; Michael J. Roessner, Esq., Securities and Exchange Commission, Division, Division of Enforcement, 100 F Street NE, Mail Stop 5631, Washington, DC 20549; Adam Bilzerian, 37636 Dream Island Road, Crosslake, MN 56442; Adam Bilzerian, 48 Olympia Ridge Drive, Las Vegas, NV 89141; David Z. Chernoff and Richard A. Schonfeld, Chernoff & Schonfeld, 520 S. 4th Street, Las Vegas, NV 89101-6593; and by hand delivery upon Derriann Charles, Charles & Associates, Unit C20, The Sands Complex, Bay Road, Basseterre, St Kitts; and by hand delivery upon Gregory Gilpin-Payne, Marriott Residences, 858 Zen Way Boulevard, Frigate Bay, St. Kitts, on this 18th day of January, 2025.

_Kevin Horstwood_
_____
KEVIN A. HORSTWOOD

KAH 1





## FEDERATION OF ST. CHRISTOPHER AND NEVIS
## ST CHRISTOPHER CIRCUIT

### POWER OF ATTORNEY

By this Power of Attorney, which I consent to be recorded in the Registrar's Office for the Federation of St. Christopher and Nevis, I, Adam J. Bilzerian, a citizen of St. Kitts whose mailing address is P.O. Box 2086, Basseterre, St. Kitts, and whose permanent residence is 631 St. Christopher Club, Frigate Bay, St. Kitts, and who is presently outside of the jurisdiction for an extended and indefinite time, **HEREBY APPOINT MY FATHER, PAUL A. BILZERIAN ("Agent")**, who resides at 631 St. Christopher Club, Frigate Bay, St. Kitts, to be my lawful agent and attorney-in-fact to act for me in any lawful way with respect to any Claims brought by or against me in the Federation of St. Christopher and Nevis ("St. Kitts").

Without limiting the generality of the foregoing, my Agent shall have the power to prosecute and/or defend my interest in any legal proceeding or proceedings in St. Kitts, including the power to decide to continue or discontinue or compromise any such proceedings as he in his sole discretion shall decide, and to do any act or thing or deed in my name and in relation to my interest in the subject matter of this Power of Attorney as he in his absolute discretion shall think fit.

Without limiting the generality of the foregoing, this Power of Attorney shall specifically apply to CLAIM NO. SKBHCV2011/0320, *Adam Bilzerian vs. Kevin Horstwood*; CLAIM NO. SKBHCV2012/0154, *Gerald Lou Weiner and Kathleen Weiner vs. Adam Bilzerian*; CLAIM NO. SKBHCV2012/0258, *Adam Bilzerian vs. Lemon Grove Company, Ltd.*; CLAIM NO SKBHCV2013/0021, *First Caribbean International Bank (Barbados) Limited vs. Caribbean Building Systems (St. Kitts) Limited*; CLAIM NO SKBHCV2013/176, *Adam Bilzerian v. Zachary Getz, St Christopher Club Condominiums, and St Christopher Club Condominiums Homeowners Association*; and Claim No. SKBHCV2013/0213, *Lemon Grove Company Ltd and Adam Bilzerian vs. First Caribbean International Bank (Barbados) Limited, Belmont Resorts Limited, The Registrar of the Federation of St Kitts and Nevis, Attorney General of the Federation of St Kitts and Nevis, and Kate Walwyn*. I hereby ratify all prior actions taken by Agent in the above named proceedings.

I also give my said Agent full power and authority to do and perform each and every act or thing whatsoever necessary or proper to be done, in the exercise of any of the rights and powers granted in this instrument, as fully to all intents and purposes as I might or could do if personally present and able to perform. To take any action necessary and to sign any documents necessary, to hire attorneys to represent me, and to file or defend any claims where I am a named party.

THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND SHALL BE CONSTRUED AS A GENERAL DURABLE POWER OF ATTORNEY AND SHALL

CONTINUE TO BE EFFECTIVE EVEN IF I BECOME DISABLED, INCAPACITATED, OR INCOMPETENT.

THIS POWER OF ATTORNEY WILL BE GOVERNED BY THE LAWS OF ST. KITTS WITHOUT REGARD FOR CONFLICTS OF LAWS PRINCIPLES. IT IS INTENDED TO BE VALID IN ST. KITTS, ALL JURISDICTIONS OF THE UNITED STATES OF AMERICA, AND ALL OTHER NATIONS.

I am fully informed as to all the contents of this form and understand the full import of this grant of powers to my Agent. I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party learns of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed as of this 8 day of May, 2015

_____
Adam Bilzerian

Sworn to and subscribed before me on this 8 day of May, 2015.

_____
(Signature of Notary Public)

> KITTY L. SHUBERT
> NOTARY PUBLIC
> STATE OF NEVADA
> APPT. No. 01-70277-14
> MY APPT. EXPIRES SEPT. 24, 2018

Check one:  Personally known _____    Produced identification ✓

Type of identification:
_____ FL NL B426-010-83-106-0

## ACKNOWLEDGMENT OF AGENT

BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, THE AGENT ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

_____
Paul A. Bilzerian

KAH 2

LAW OFFICES

## Chesnoff & Schonfeld

AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

520 SOUTH FOURTH STREET

LAS VEGAS, NEVADA 89101-6593

DAVID Z. CHESNOFF, CHARTERED
RICHARD A. SCHONFELD, CHARTERED

ROBERT Z. DeMARCO

TELEPHONE
(702) 384-5563

FAX
(702) 598-1425

February 6, 2025

_Via email_

Kevin Horstwood

Dear Mr. Horstwood,

We represent the interest of Adam Bilzerian.  We believe a phone call to discuss the matter would be helpful to all parties.

Please call me at 702-384-5563.

Sincerely,
CHESNOFF & SCHONFELD

David Z. Chesnoff, Esq.

KAH 3

Re: Adam Bilzerian
From:Michelle Slack-Clarke (mslackclarke@wscwlaw.com)
To:dzchesnoff@cslawoffice.net; kevinhorstwood@yahoo.co.uk
Cc:rschonfeld@cslawoffice.net
Date:Tuesday 11 February 2025 at 21:47 GMT-5

Dear David:

Further to our call of earlier today, please find attached notice of discontinuance and notice of acting templates for ease of reference. I have already adjusted the heading of both to suit.

Both documents once filed and served must be accompanied by an affidavit of service to confirm that they were served on the parties and their former counsel, in the case of the notice of acting.

As a litigant in person, an address for service in St. Kitts and Nevis must be provided. Unless you have a preference for an office, we can liaise with one of our colleagues whose address you may be able to use for this purpose. Do let me know.

Kind regards,



--
--

**From:** David Z Chesnoff <dzchesnoff@cslawoffice.net>
**Date:** Tuesday, 11 February 2025 at 10:25 am
**To:** horstwood kevin <kevinhorstwood@yahoo.co.uk>
**Cc:** Richard Schonfeld <rschonfeld@cslawoffice.net>, Michelle Slack-Clarke <mslackclarke@wscwlaw.com>, Richard Schonfeld <rschonfeld@cslawoffice.net>
**Subject:** Re: Adam Bilzerian

Thank you
David Z. Chesnoff
Sent from my iPhone

On Feb 11, 2025, at 5:01 AM, kevin horstwood <kevinhorstwood@yahoo.co.uk> wrote:

Dear Mr Chesnoff,

Further to our e-mail exchange yesterday, I attach a zoom Link for our conversation at 10.30 a.m. Pacific time (2.30 p.m. St Kitts time).

Sincerely,

Kevin A. Horstwood.

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS**
**ST. CHRISTOPHER CIRCUIT**
**(CIVIL)**
**AD 2025**

**CLAIM NUMBER SKBHCV 2011 / 0320**
**CLAIM NUMBER SKBHCV 2016 / 0311**
<u>**CONSOLIDATED**</u>

**BETWEEN:**

        **ADAM BILZERIAN**        **Applicant/Claimant**

**AND**

        **KEVIN HORSTWOOD**        **Respondent/Defendant**

**NOTICE OF ACTING PURSUANT TO CPR 63.4**

TAKE NOTICE that THE CLAIMANT IN THESE PROCEEDINGS is no longer represented by Charles & Associates, Attorneys-at-Law of Suite No. 77(B), Ambassy Shores, St Peters, St Kitts and is now acting in person.

The particulars of the Claimant are as follows:

Party's name
Party's address
Party's telephone number
Party's email address
Party's address for service- an address in St. Kitts and Nevis to accept service on behalf of Adam Bilzerian]

Dated the     day of            , 2025

_____

[Name and Signature]

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS**
**ST. CHRISTOPHER CIRCUIT**
**(CIVIL)**
**AD 2025**

**CLAIM NUMBER SKBHCV 2011 / 0320**
**CLAIM NUMBER SKBHCV 2016 / 0311**
**<u>CONSOLIDATED</u>**

**BETWEEN:**

        **ADAM BILZERIAN**            **Applicant/Claimant**

**AND**

        **KEVIN HORSTWOOD**       **Respondent/Defendant**

**<u>NOTICE OF ACTING</u>**

Filed by:
[Name of Party, Address, Email address]

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS**
**ST. CHRISTOPHER CIRCUIT**
**(CIVIL)**
**AD 2025**

**CLAIM NUMBER SKBHCV 2011 / 0320**
**CLAIM NUMBER SKBHCV 2016 / 0311**
**<u>CONSOLIDATED</u>**


**BETWEEN:**

              **ADAM BILZERIAN**             **Applicant/Claimant**

                  **AND**

              **KEVIN HORSTWOOD**        **Respondent/Defendant**

**NOTICE OF DISCONTINUANCE**

**TAKE NOTICE** that the Claimant hereby wholly discontinues this action as against the Defendant.


Dated this            day of               , 2025

                                           ………………………………
                                           [Name, Last Name]
                                              Claimant

To the Defendant [Name, Last Name] and to
[Name, Last Name] of [address], his Attorneys

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS**
**ST. CHRISTOPHER CIRCUIT**
**(CIVIL)**
**AD 2025**

**CLAIM NUMBER SKBHCV 2011 / 0320**
**CLAIM NUMBER SKBHCV 2016 / 0311**
**CONSOLIDATED**

**BETWEEN:**

**ADAM BILZERIAN**                              **Applicant/Claimant**

**AND**

**KEVIN HORSTWOOD**                          **Respondent/Defendant**

**NOTICE OF DISCONTINUANCE**

Filed by:
[Name of Party, Address, Email address]

KAH 4

Re: Adam Bilzerian

From: Michelle Slack-Clarke (mslackclarke@wscwlaw.com)

To: kevinhorstwood@yahoo.co.uk

Date: Wednesday 12 February 2025 at 18:05 GMT-5

Dear Kevin:

David called and advised that:

1. they would want to amend the notice to indicate that it was being filed in order to comply with the order of Justice Lamberth; and
2. His client wants to know whether you would consider a release for Adam. I have not received any terms of the proposed release or what exactly is being contemplated. We can discuss tomorrow. However, I will be in Court in the morning.

With kind regards,



HON. MICHELLE J. SLACK-CLARKE
Managing Partner

Phone:    +1 (869) 469-5645
          +1 (869) 662-7922

Address:  Temple Building
          Suites 16 & 17
          Main Street
          Charlestown, Nevis

Email:    MSlackClarke@wscwlaw.com

Website:  www.wscwlaw.com

vCard:    https://digital-ecard.com/mslackclarke

This email, including any attachments, is intended solely for the use of the individual or entity to whom it is addressed and may contain confidential, privileged, or proprietary information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply email and permanently delete the original message and any copies from your system. Any unauthorized retention, dissemination, distribution, or copying of this communication is prohibited and may be unlawful. Walwyn Slack Clarke & White (WSCW) assumes no responsibility for any errors or omissions in the content of this email or any attachments that arise as a result of email transmission.

KAH 5

## RELEASE AND SETTLEMENT AGREEMENT

## I.    RECITALS

A.    This Release and Settlement Agreement (this "**Agreement**") is entered into as of this _____ day of February, 2025 (the "**Effective Date**"), by and between ADAM BILZERIAN on one hand, and   KEVIN HORSTWOOD on the other hand.  Adam Bilzerian and Kevin Horstwood are hereinafter sometimes collectively referred to as the "Parties" or individually as a "Party".

B.    On January 24, 2025, United States District Court Judge Royce C. Lamberth, from the United States District Court for the District of Columbia entered an Order in case number 1:89-cv-01854-RCL (*Securities Exchange Commission v. Paul A. Bilzerian*) that stated "Horstwood's requested relief is that Bilzerian be ordered to dismiss any of his lawsuits still pending against Horstwood in St. Kitts.  Accordingly, this Court will **ORDER** Bilzerian, as well as his attorneys and associates (to include Adam Bilzerian, IIL, IIG and any other firm that Bilzerian purports either to own or to serve as a director) to dismiss all pending lawsuits against Horstwood in St. Kitts and in any other domestic or foreign forum."

C.    Adam Bilzerian is not a party to case number 1:89-01854-RCL and was not provided notice and an opportunity to be heard prior to the above stated Order being entered.  Accordingly, Adam Bilzerian could seek relief from the above stated Court Order.  Moreover, Adam Bilzerian could be subject to claims by people or entities other than Horstwood and his companies for discontinuing the St. Kitts lawsuits referenced in the above stated Court Order.

D.    Adam Bilzerian is willing to execute Notices of Discontinuance, provided that Kevin Horstwood on behalf of himself, all heirs, executors, administrators, assigns, any entity in which he is a member, any entity in which he has ownership interest, any entity which he controls (including but not limited to the Horstwood companies), and on behalf of his joint venturers, representatives, servants, attorneys, transferees, predecessors, successors, heirs, assigns, trustees, trustors, and settlors, both past and present, or anyone acting on their behalf or for their benefit (hereinafter collectively "Horstwood Releasors") provide a full and complete release of Adam Bilzerian and his heirs, executors, administrators, assigns, any entity in which he is a member, any entity in which he has ownership interest, any entity in which he controls, his joint venturers, representatives, servants, attorneys, transferees, predecessors, successors, assigns, trustees, trustors, and settlors, and all persons acting by, through, under or in concert with any of them (hereinafter collectively "Adam Bilzerian Releasees") from any and all claims whether known or unknown from the beginning of time to the present.  The term Adam Bilzerian Releasees shall not include Paul Bilzerian, International Investors Group, Inc., or International Investors, Ltd.

| INI | INI |
|-----|-----|

## II.    TERMS OF AGREEMENT

### A.    <u>Consideration</u>

1.    Within 2 business days of the full execution of this Agreement, Adam Bilzerian will execute Notice of Discontinuance of Claim Number SKBHCV 2011 / 0320 and Claim Number SKBHCV 2016 / 0311 (collectively "St. Kitts Lawsuits") and will cause the executed Notice of Discontinuance to be emailed to Kevin Hortswood's counsel Michelle Slack-Clarke mslackclarke@wscwlaw.com. The Notice of Discontinuance is attached hereto as Exhibit A.

2.    The Horstwood Releasors release the Adam Bilzerian Releasees as provided for hereinbelow.

### B.    <u>Releases</u>

1.    Except for the obligations set forth in this Agreement, the Horstwood Releasors hereby release the Adam Bilzerian Releasees from any and all actions, causes of action, suits, debts, charges, complaints, claims, liabilities, contracts, obligations, promises, rights, agreements, controversies, losses, damages, and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown, past, present, or future, suspected or claimed, fixed or contingent, whether at law or at equity ("Released Claims"), that the Horstwood Releasors ever had, now have or may hereafter have against any of the Adam Bilzerian Releasees of any kind or nature relating to any matter whatsoever, including, without limitation, those that in any manner relate to the St. Kitts Lawsuits, the Golden Lemon Inn & Villas, and/or the subject matter, facts, circumstances, terms, events and allegations included in Kevin Horstwood's Motion for an Order to Show Cause filed in case number 1:89-cv-01854-RCL.

### <u>No Admissions</u>

Nothing in this Agreement or in the settlement of any claims shall in any manner, for any purpose or under any circumstances be deemed or construed by any person as an admission of liability on the part of the Parties.

## III.    ADDITIONAL TERMS AND WARRANTIES

### A.    <u>Entire Agreement</u>

This Agreement constitutes and is intended to constitute the entire agreement of the Parties concerning the subject matter hereof. No covenants, agreements, representations or warranties of any kind whatsoever have been made by any party hereto, except as specifically set forth herein. All prior discussions and negotiations with respect to the subject matter hereof are superseded by this Agreement. This Agreement may be amended only upon an agreement in writing by the Parties.

| INI | INI |

**B.**      <u>No Influence</u>

In making this Agreement, it is understood and agreed that the Parties rely wholly on their judgment, belief, and knowledge of the nature, extent, and duration of alleged damages and injuries, and that the Parties have not been influenced to any extent in making this Agreement by any representations or statements regarding alleged damages or injuries or regarding any other matter made by the persons, firms, entities or corporations which are hereby released or by any person or persons representing them or any of them.

**C.**      <u>Mistaken Facts</u>

Each Party further acknowledges that it is not relying, and has not relied, upon any representation or statement made by the other Party or its representatives with respect to the facts involved in the controversies to which this Agreement pertains or with regard to its purported rights. The Parties hereby assume the risk of any mistake of fact with regard to said controversies or with regard to any facts which are now unknown to the Parties.

**D.**      <u>New or Different Facts</u>

Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**IV.     CONSTRUCTION AND APPLICATION**

**A.**      <u>Construction</u>

This Agreement shall not be construed against the Party or its representative who drafted the Agreement or any portion hereof.

**B.**      <u>Counterparts</u>

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.  The Parties further agree that electronic signatures shall serve as original signatures for purposes of the validity and enforcement of this Agreement.

**C.**      <u>Costs</u>

Each Party is to bear its own attorneys' fees and costs.

| INI | INI |
|-----|-----|

F.    <u>Headings</u>

The various headings in this Agreement are inserted for convenience only and shall not be deemed a part of or in any manner affect this Agreement or any provision hereof.

**DO NOT SIGN UNTIL READ AND FULLY UNDERSTOOD.**

**I HAVE READ THE FOREGOING RELEASE AND
FULLY UNDERSTAND AND ACCEPT IT.**

ADAM BILZERIAN

DATED: _____

_____
ADAM BILZERIAN

KEVIN HORSTWOOD

DATED: _____

_____
KEVIN HORSTWOOD

| INI | INI |

EXHIBIT

A

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS**
**ST. CHRISTOPHER CIRCUIT**
**(CIVIL)**
**AD 2025**

**CLAIM NUMBER SKBHCV 2011 / 0320**
**CLAIM NUMBER SKBHCV 2016 / 0311**
**CONSOLIDATED**

**BETWEEN:**

       **ADAM BILZERIAN**              **Applicant/Claimant**

           **AND**

       **KEVIN HORSTWOOD**         **Respondent/Defendant**

**NOTICE OF DISCONTINUANCE**

**TAKE NOTICE** that the Claimant hereby wholly discontinues this action as against the Defendant.

Dated this        day of        , 2025

                               ...................................
                                  [Name, Last Name]
                                     Claimant

To the Defendant [Name, Last Name] and to
[Name, Last Name] of [address], his Attorneys

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS
ST. CHRISTOPHER CIRCUIT
(CIVIL)
AD 2025

CLAIM NUMBER SKBHCV 2011 / 0320
CLAIM NUMBER SKBHCV 2016 / 0311
<u>CONSOLIDATED</u>

BETWEEN:

      ADAM BILZERIAN          **Applicant/Claimant**

AND

      KEVIN HORSTWOOD     **Respondent/Defendant**

<u>NOTICE OF DISCONTINUANCE</u>

Filed by:
[Name of Party, Address, Email address]

KAH 6

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS**
**SAINT CHRISTOPHER CIRCUIT**
**(CIVIL)**
**A.D. 2023**

**CLAIM NO: SKBHCV2011/0320**
**CLAIM NO: SKBHCV2016/0311**
**CONSOLIDATED**

**BETWEEN**

**ADAM BILZERIAN**

*Claimant*

**AND**

**KEVIN HORSTWOOD**

*Defendant*

### NOTICE OF ACTING

**TAKE NOTICE** that **Derriann Charles, Attorney-at-Law** of the **Law Office of Charles and Associates** of the Unit 102 (Office B), St. Kitts Castle, Frigate Bay, in the Island of St Christopher, has been appointed to act as Legal Practitioner for the above-named Claimant, Adam Bilzerian.

Dated the 18th day of May, 2023.

*Derriann Charles*

Derriann Charles/ Christiane Prowell
CHARLES & ASSOCIATES
Legal Practitioner for the Claimant

To:  **Mrs. Emily Crooks-Shields**       **Mr. Adam Bilzerian**
Defendant's Attorney                Claimant
Basseterre                         Frigate Bay,
St. Kitts                          Basseterre
By email to: emilycrookslaw@gmail.com

**Address for service:** CHARLES & ASSOCIATES, Unit 102 (Office B), St. Kitts Castle, Frigate Bay, St. Kitts.
**Tel:** (869)466-7162. **Mobile:** (869)667-7162
**Email:** derriann@charlesandassociateslaw.com

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

IN THE FEDERATION OF ST CHRISTOPHER AND NEVIS

SAINT CHRISTOPHER CIRCUIT

(CIVIL)

A.D. 2023

CLAIM NO: SKBHCV2011/0320
CLAIM NO: SKBHCV2016/0311
<u>CONSOLIDATED</u>

BETWEEN:

ADAM BILZERIAN                              Claimant

     and

KEVIN HORSTWOOD

                               Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE OF ACTING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Derriann Charles | Christiane Prowell

**CHARLES & ASSOCIATES**

Attorneys-at-Law for the Claimant

Unit 102 (Office B), St. Kitts Castle,

Frigate Bay, St. Kitts

Telephone: (869) 466-7162

Office Mobile: (869) 667-7162

Email: derriann@charlesandassociateslaw.com

KAH 7

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.                                                    Case No 89-1854 (RCL)

PAUL A. BILZERIAN,et al,

Defendants

_____ /

KEVIN A. HORSTWOOD
Haven House, Grand Mal,
St Georges Parish,
Grenada W.I.

Movant.

v.

PAUL BILZERIAN, et al.,

Defendants.

_____

## AFFIDAVIT OF SERVICE

**I, KEVAUGHN G BROWNE,** of Stapleton Village, St. Peters, St. Kitts, Office Assistant, being duly sworn make oath and say as follows: -

1. On Friday 31st January 2025 at or about 1:36 p.m. I executed service of true and correct copies of the documents listed below, on Charles and Associates Law.

   - Letter from Kevin Horstwood to Derriann Charles et al.

   - Order of the Honorable Royce C. Lamberth of the United State District Court for the District of Columbia issued on 24th January 2025.

- Memorandum Opinion of the Honorable Royce C. Lamberth of the United State District Court for the District of Columbia issued on 24th January 2025

2. Before service was effected, I personally inspected the letter and confirmed that it was issued by Kevin A. Horstwood and dated 31st January 2025.

3. Jevonie Lavia, Administrator of Charles and Associates Law, accepted service of said documents having confirmed that he is duly authorized to accept service for and on behalf of Derrian Charles.

**AND** I make this affidavit honestly knowing the contents to be true in every respect.

**AFFIRMED** by the within named )
**KEVAUGHN G. BROWNE** )
Basseterre, St. Kitts )
14th day of February, 2025 )

_____
**KEVAUGHN G. BROWNE**

Before me:

_____
NOTARY PUBLIC

**VINCENT F. BYRON**
**NOTARY PUBLIC**
**Fort St., Basseterre, St. Kitts, W.I.**



Kevin A. Horstwood
Haven House
Grand Mal, St Georges
Grenada, West Indies

31 January 2025

Adam Bilzerian
37636 Dream Island Road
Crosslake, Minnesota 56442

Gregory Gilpin-Payne
Marriott Residences St Kitts
Frigate Bay, St Kitts

Derriann Charles
Suite No. 77(B)
Ambassy Shores
St Peters, St Kitts

International Investments, Ltd. ("IIL")
Marriott Residences St Kitts
Frigate Bay, St Kitts

Ladies and Gentlemen:

I write to formally bring to your attention the Order and Memorandum Opinion issued on 24 January 2025 by the Honorable Royce C. Lamberth of the United States District Court for the District of Columbia. Enclosed for your reference are copies of both.

Pursuant to this Order, you are **required** to "immediately dismiss . . . or withdraw . . . any lawsuit against me or my attorneys . . . includ[ing,] but . . . not limited to, the cases numbered SKBHCV2011/0320, SKBHCV2016/0311, and SKBHCV2024/0015 formerly SKBHCV2017/0072 pending in the Eastern Caribbean Supreme Court." **The Order further advises that "all those in receipt of this Order are [thereby] advised that noncompliance may result in the initiation of criminal contempt proceedings."**

Although this Order specifically names Adam Bilzerian, Gregory Gilpin-Payne, and IIL, I also draw your attention to prior rulings from Judge Lamberth. In the past, he has held attorneys representing parties in contempt. See, e.g., Order of 11 May 2009 (regarding attorney David Hammer); Order of 13 July 2010 (same).

Moreover, when Paul Bilzerian once attempted to "abate" rather than dismiss the offending claims, the Court held him in contempt yet again and explicitly threatened incarceration if he failed to immediately dismiss those claims (13 July 2010, Memorandum Opinion). All subsequent attempts to stay these rulings pending appeal were denied.

Your unequivocal obligation is to discontinue these actions. Adam and Gregory, you must instruct Ms. Charles to file Notices of Discontinuance in the three referenced cases (SKBHCV2011/0320, SKBHCV2016/0311 andSKBHCV2017/0072) (save as to costs and outstanding obligation to pay damages) under Rule 37.3, CPR (Revised) 2023. If Ms. Charles fails or refuses to do so on your behalf, you must personally prepare and file such Notices in the proceedings and serve me at my address for service and by email at kevinhorstwood@yahoo.co.uk. Each Notice must bear your original signature.

Should you fail to comply by 7 February 2025, I will promptly inform Judge Lamberth of your noncompliance and request that he initiate criminal contempt proceedings against you, consistent with the explicit warnings in his Order.

I trust you will govern yourselves accordingly.

Very sincerely,

Kevin A. Horstwood

Enclosure(s)

Jevonie Lavia
Charles & Associates
31.01.25

KAH 8

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS
SAINT CHRISTOPHER CIRCUIT
(CIVIL)
A.D. 2025

CLAIM NO: SKBHCV2011/0320
CLAIM NO: SKBHCV2016/0311
CONSOLIDATED

BETWEEN:

ADAM BILZERIAN

*Applicant/Claimant*

AND

KEVIN HORSTWOOD

*Respondent/Defendant*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WRITTEN SUBMISSIONS IN REPLY TO RESPONDENT/DEFENDANT'S SUBMISSIONS IN OPPOSITION TO CLAIMANT'S APPLICATION SUBSTITUTION OF A PARTY.
*(Filed on behalf of the Applicant/Claimant pursuant to the Order of Master Yuri Saunders made on the 11 December 2024)*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Introduction

1. The submissions of the Respondent/Defendant filed on the 24th January 2025 raise three (3) substantive issues, to which the Applicant/Claimant, by way of these submissions, hereby replies. These include:

Issue No 1:

a. Whether there is a basis warranting the exercise of the discretion by the Court to grant the substitution?

1

b.  Whether evidence of the transfer of interest of the Applicant/Claimant has been sufficiently placed before the Court in support of the application for substitution?

c.  Whether the Court can rely on the Agreement exhibited to the Claimant's Affidavit?

The Claimant/Applicant respectfully submits that having provided evidence of the transfer of interests and liabilities, there is sufficient basis for warranting the exercise of the Court's discretion. The Claimant submits that in compliance with the request to provide evidence of the transfer of interests between the existing Claimant and the intended Claimant, the Claimant/Applicant filed a fresh application exhibiting the Assignment Agreement. The Agreement is in standard form and contains the required provisions, including the names of the parties, the date of the Agreement, signature of the parties and the nature of the transaction which forms the subject of the Agreement. The Respondent/Defendant is now seeking to enquire into and go behind the Agreement by challenging various recitals contained therein. The Claimant/Applicant, respectfully contends that evidence of the existence of the Agreement, was the sole requirement of the Court of Appeal and request of the Respondent/Defendant. The ambit of this Court is not to descend into an exploration of the basis for the Agreement and/or the sufficiency of the assumptions upon which the parties therein proceeded, but solely to satisfy itself that there was in fact a transfer of the interests that the existing Claimant had in the matter to the intended Claimant. By the Defendant's own admission, at Paragraph 5 on Page 6 of the Defendant's submissions of the 24th January 2025, "the Court of Appeal in its reasoning when setting aside the previous substitution order was that there was need for evidence which the Court could scrutinize to determine whether there was effectively any transfer of the interests and liabilities of Adam Bilzerian to International Investments Limited". By the Defendant's own admission, the Court of Appeal acknowledged that the ambit of the Court's inquiry was whether or not there was de facto a transfer between the parties. At no time did the Court of Appeal suggest that the role of the Court was to make inquiries into the basis for the transfer or verify any assumptions upon which the transfer was premised.

2

The Claimant further contends that if not restrained, the Respondent/Defendant would stop at no end to continue to delay this matter to trial. By the Respondent/Defendant's own admission, at Paragraph 4 of its submissions filed on the 24th January 2025, there has been an inordinate delay in the advancement of this matter to trial, between 2011 and 2023, through various filings. The Claimant/Applicant highlights that CPR 19.2(5) gives the Court a discretion to grant an order for substitution of a new party for an existing party, if the existing party's interests and/or liabilities have passed to the new party. The Agreement setting out the assignment of interests and/or liabilities from the existing Claimant to the Intended Claimant, has been annexed to the Claimant/Applicant's fresh substitution application. The Applicant/Claimant respectfully submits that having been provided with evidence of the very Agreement that they asserted was absent in the previous application, the Respondent/Defendant cannot be permitted to move the goal post any further by interrogating into and/or behind the Agreement. The root document has been produced showing the date of the assignment, the nature of the assignment, and what interests were assigned, and this forms the basis for the exercise of the Court's discretion. The Court is now empowered to exercise its discretion, which the Respondent/Defendant previously argued was being exercised in a vacuum.

<u>Issue No. 2:</u>

    a.   **Whether a party is being substituted or a new party is being added?**

The Respondent/Defendant is seeking to argue that a new party is being added and not a substitution of an existing party. The Claimant/Applicant asserts that this statement is baseless and without merit. Once the substitution is granted, Mr. Adam Bilzerian ceases to be a party to the proceedings and the continued management of the case to trial would be the responsibility of International Investments Limited. The Claimant/Applicant is not seeking to add a party whilst the existing Claimant/Applicant remains a party, but instead to replace the existing Claimant/Applicant with the intended Claimant/Applicant. In reply to the Respondent/Defendant's assertion at Page 7 of its submissions that Mr. Paul Bilzerian is prohibited from engaging in the proceedings under a Power of Attorney, the Claimant/Applicant asserts that this statement is untrue. There is no judgment or decision of the

Court prohibiting Mr. Paul Bilzerian from appearing under the validly existing Power of Attorney in his favour, once there is Counsel on record advocating the matter. The Claimant/Applicant reiterates that any mention of Orders requiring Mr. Paul Bilzerian to discontinue proceedings is of no merit, as the instant matter is being advanced by Mr. Adam Bilzerian and once substituted, would be advanced by International Investments Limited, neither of which are Mr. Paul Bilzerian. The Claimant/Applicant respectfully submits that the US Court Order in respect of Mr. Paul Bilzerian has no relevance to the maters at hand.

<u>Issue No. 3:</u>

      a.   Whether the justice of the case is met by dismissing the application?

      b.  Whether the Defendant suffers any prejudice by the proposed substitution?

The Respondent/Defendant is seeking to argue that the justice of the case would be met by dismissing the Claimant/Applicant's application. The Claimant/Applicant believes it to be noteworthy to mention that by the Amended Defence filed on the 16th October 2017, the Defendant discontinued his Counterclaim and only filed an Amended Defence. In the premises, what is currently engaging the Court is the Claim by the Claimant and the Defence by the Defendant, <u>with no Counterclaim [EMPHASIS MINE]</u>. Therefore, the justice of the case will be met by allowing the Claimant to substitute himself with an entity to which he has passed all his interests and/or liabilities and let them pursue his claim. There can be absolutely no prejudice suffered by the Defendant, in the circumstances, as there is no live Counterclaim currently engaging the Court in these consolidated matters. The substitution of the existing Claimant with the proposed Claimant, has no effect on the pleadings and/or the Claimant's case or the Defendant's case. In effect, the entity advancing the case for the Claimant would be replaced, but substantively all other aspects of the matter remain unchanged and puts the 14 year long matter back on track to securing a date for trial.

*Conclusion*

In conclusion, the Claimant/Applicant respectfully repeats that the procedural requirements of the CPR for the substitution of a party have been met by the Claimant/Applicant. Additionally, the guidance of the Court of Appeal was taken and the relevant instrument [Assignment Agreement] affixed to the fresh application, to allow the court to have the relevant information to exercise its discretion to grant the substitution requested by the Claimant/Applicant.

It is respectfully submitted for the foregoing reasons that:

1. The Claimant be granted the relief sought in his substitution application filed on the 14th day of November 2024.
2. Costs be awarded in favour of the Claimant, to be paid by the Defendant within seven (7) days.
3. The matter be referred back to the Judge's docket to be listed for trial.

And it is so submitted this 7th day of February 2025

By:

*Derriann Charles*
..................................................................
**DERRIANN P. CHARLES**
**Attorney-at-Law**
**CHARLES AND ASSOCIATES**
**Attorneys-at-Law**
**ATTORNEYS AT LAW FOR THE CLAIMANT/APPLICANT**

The Court Office is at East Independence Square Street, Basseterre, St. Kitts. The telephone number is 467-1102. The Office is open between 9:00 a.m. and 3:30 p.m. Mondays to Fridays except Public Holidays.

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

FEDERATION OF ST. CHRISTOPHER AND NEVIS

ST. CHRISTOPHER CIRCUIT

(CIVIL)

A.D. 2025


Claim No. SKBHCV2011/0320

Claim No. SKBHCV2016/0311


BETWEEN:

    ADAM BILZERIAN

                                  *Applicant/Claimant*

                        AND

KEVIN HORSTWOOD         *Respondent/Defendant*

**CONSOLIDATED**


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**WRITTEN SUBMISSIONS IN REPLY TO
RESPONDENT/DEFENDANT'S SUBMISSIONS IN
OPPOSITION TO CLAIMANT'S APPLICATION
SUBSTITUTION OF A PARTY.**

*(Filed on behalf of the Applicant/Claimant pursuant to the Order of Master
Yuri Saunders made on the 11 December 2024)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*




RECEIVED

FEB 0 7 25

@ 12:26pm

BYRON & BYRON

Attorneys-at-Law
of the Eastern Caribbean Supreme Court
P. O. Box 154
Fort Street, Basseterre
St. Kitts & Nevis

Derriann Charles | Christiane Prowell
**CHARLES & ASSOCIATES**
Attorneys-at-Law for the Claimant/Applicant
Unit C20, The Sands Complex, Bay Road,
Basseterre, St. Kitts
Telephone: (869) 466-7162
Office Mobile: (869) 667-7162
Email: derriann@charlesandassociateslaw.com

KAH 9

Filed on behalf of:      Claimant
Deponent:                Gregory Gilpin-Payne
Sworn:                   January 26, 2024



**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**IN THE FEDERATION OF SAINT CHRISTOPHER AND NEVIS**
**SAINT CHRISTOPHER CIRCUIT**
**(CIVIL)**
**A.D. 2024**

**Claim No: SKBHCV2017/0072**

**BETWEEN:**

**LEMON GROVE COMPANY LIMITED**

*Claimant*

**and**

**TERENCE V. BYRON**

*1st Defendant*

**BYRON & BYRON**

*2nd Defendant*

<u>**AFFIDAVIT IN SUPPORT OF NOTICE OF APPLICATION FOR A STAY**</u>
<u>**OF PROCEEDINGS**</u>

I, **GREGORY GILPIN-PAYNE** of 858 Zenway Blvd, Frigate Bay, St. Kitts make oath and say as follows:-

1. I am the President of Lemon Grove Company Limited ("Lemon Grove"), the Claimant herein, and I am duly authorized to swear this affidavit on behalf of the Claimant herein.

2. I am over the age of eighteen years and understand the obligations of an

1

oath.

3. The subject matter of the instant action concerns the ownership and control of Lemon Grove.

4. The ownership of the Claimant company is however also the subject matter of the Consolidated Claims SKBHCS2011/0320 AND SKBHCV2016/0311: International Investments Limited v. Kevin A. Horstwood (the "Consolidated Claims") whereby the Claimant therein, International Investments Ltd is seeking the following orders:

   1) A declaration that the Claimant owns all of the issued and outstanding shares of Caribbean Building Systems (St. Kitts) Ltd ("CBS");

   2) A declaration that Kevin Horstwood is not a shareholder, nor does he hold any position in CBS;

   3) A declaration that Kevin Horstwood is not a shareholder nor does he hold any position in Lemon Grove Company, Ltd ("Lemon Grove");

   4) An injunction restraining Kevin Horstwood whether by himself, his agents or assigns from in any way interfering in the running or affairs of either CBS or Lemon Grove;

5. The Consolidated Claims were filed earlier in time than the instant action. The hearing and determination of the Consolidated Claims will substantively impact the determination of the instant claim. In fact, the decision therein will also likely be a determinative factor in the outcome of the instant claim.

6. In the circumstances, the Claimants believe that a stay of proceedings in the instant claim is prudent and necessitous until the determination of the Consolidated claims.

2

And I make this Affidavit honestly and conscientiously knowing and believing the contents to be true and correct.

**SWORN/AFFIRMED** in Frigate Bay,    ]

S. Kitts, Pursuant to its Laws, this    ] ..................................

26th Day of January, 2024    ]   Gregory Gilpin-Payne

Before me:

..................................
[Signature & Seal].

3

| | |
|---|---|
| Filed on behalf of: | Claimant |
| Deponent: | Gregory Gilpin-Payne |
| Sworn: | January 26, 2024 |

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
IN THE FEDERATION OF ST CHRISTOPHER AND
NEVIS
SAINT CHRISTOPHER CIRCUIT
(CIVIL)
A.D. 2024

### Claim No: SKBHCV2017/0072

BETWEEN:

**LEMON GROVE COMPANY LIMITED**
Claimant

and

**TERENCE V. BYRON**
1st Defendant

**BYRON & BYRON**
2nd Defendant

*******************************************
***
**AFFIDAVIT IN SUPPORT OF NOTICE OF
APPLICATION FOR STAY OF
PROCEEDINGS**
*******************************************
***

Filed by:
Derriann Charles | Christiane Prowell
**CHARLES & ASSOCIATES**
Attorneys-at-Law for the Claimant
Unit C 20 The Sands Complex, Bay    Road,
Basseterre, St. Kitts
Telephone: (869) 466-7162
Office Mobile: (869) 667-7162
Email:derriann@charlesandassociateslaw.com

4

KAH 10



Kevin A. Horstwood
Haven House
Grand Mal, St Georges
Grenada, West Indies

31 January 2025

Adam Bilzerian
37636 Dream Island Road
Crosslake, Minnesota 56442

Gregory Gilpin-Payne
Marriott Residences St Kitts
Frigate Bay, St Kitts

Derriann Charles
Suite No. 77(B)
Ambassy Shores
St Peters, St Kitts

International Investments, Ltd. ("IIL")
Marriott Residences St Kitts
Frigate Bay, St Kitts

Ladies and Gentlemen:

I write to formally bring to your attention the Order and Memorandum Opinion issued on 24 January 2025 by the Honorable Royce C. Lamberth of the United States District Court for the District of Columbia. Enclosed for your reference are copies of both.

Pursuant to this Order, you are **required** to "immediately dismiss . . . or withdraw . . . any lawsuit against me or my attorneys . . . includ[ing,] but . . . not limited to, the cases numbered SKBHCV2011/0320, SKBHCV2016/0311, and SKBHCV2024/0015 formerly SKBHCV2017/0072 pending in the Eastern Caribbean Supreme Court." **The Order further advises that "all those in receipt of this Order are [thereby] advised that noncompliance may result in the initiation of criminal contempt proceedings."**

Although this Order specifically names Adam Bilzerian, Gregory Gilpin-Payne, and IIL, I also draw your attention to prior rulings from Judge Lamberth. In the past, he has held attorneys representing parties in contempt. See, e.g., Order of 11 May 2009 (regarding attorney David Hammer); Order of 13 July 2010 (same).

Moreover, when Paul Bilzerian once attempted to "abate" rather than dismiss the offending claims, the Court held him in contempt yet again and explicitly threatened incarceration if he failed to immediately dismiss those claims (13 July 2010, Memorandum Opinion). All subsequent attempts to stay these rulings pending appeal were denied.

Your unequivocal obligation is to discontinue these actions. Adam and Gregory, you must instruct Ms. Charles to file Notices of Discontinuance in the three referenced cases (SKBHCV2011/0320, SKBHCV2016/0311 andSKBHCV2017/0072) (save as to costs and outstanding obligation to pay damages) under Rule 37.3, CPR (Revised) 2023. If Ms. Charles fails or refuses to do so on your behalf, you must personally prepare and file such Notices in the proceedings and serve me at my address for service and by email at kevinhorstwood@yahoo.co.uk. Each Notice must bear your original signature.

Should you fail to comply by 7 February 2025, I will promptly inform Judge Lamberth of your noncompliance and request that he initiate criminal contempt proceedings against you, consistent with the explicit warnings in his Order.

I trust you will govern yourselves accordingly.

Very sincerely,

Kevin A. Horstwood

Enclosure(s)

I Andrew Liburd Senior Bailiff of the High Court do hereby Certify that I personally served Mr Gregory Gilpin-Payne a true Copy of this document along with an Order and other supporting documents on Friday 31st January 2025 at or about 5:05 pm at Marriott Residences situate at Frigate Bay.

1/31/25
5:05 pm

31/1/2025

COPY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

    *Plaintiff,*

v.

PAUL A. BILZERIAN, *et al.*,

    *Defendants.*

Case No. 1:89-cv-1854-RCL

## <u>ORDER</u>

Upon consideration of the intervenor Mr. Kevin Horstwood's Motion [ECF No. 1248] for an Order to Show Cause, the Court's Order [ECF No. 1251] of September 20, 2024 directing Mr. Paul Bilzerian to show cause why he should not be held in contempt, Mr. Bilzerian's Response [ECF No. 1254] to that Order, and the entire record herein, and for the reasons contained in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Mr. Paul Bilzerian is in civil contempt for violation of the Court's July 19, 2001 Order [ECF No. 416]. And it is further

**ORDERED** that Mr. Paul Bilzerian, his attorneys, his associates (including, but not limited to, Mr. Adam Bilzerian, Mr. Vernon Veira, and Mr. Gregory Gilpin-Payne), and any firm actually or purportedly associated with Mr. Paul Bilzerian (including, but not limited to, International Investments Ltd., International Investors Group, Inc., Caribbean Building Systems Ltd., and the Lemon Grove Company Ltd.), purge the contempt by immediately dismissing or withdrawing any lawsuit against Mr. Kevin Horstwood or his attorneys that is pending in any foreign or domestic court. Such lawsuits include, but may not be limited to, the cases numbered SKBHCV 2011/0320,

1

COPY

I Andrew Liburd Senior Bailiff
of the High Court do hereby certify
that I personally served Mr
Gregory Gilpin-Payne a true
copy of this document along
with Demand Letter dated
31st January 2025 at and
Supporting document on Friday
31st January 2025 at or about
5:05 pm at Marriott Residences
situate at Zen Way Boulevard
Frigate Bay.

31/1/2025