UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PAUL A. BILZERIAN,

    Defendant.

Case No. 89-1854 (RCL)

**PAUL A. BILZERIAN'S OPPOSITION TO KEVIN HORSTWOOD'S VERIFIED MOTION TO ENFORCE COURT ORDER AND FOR INITIATION OF CRIMINAL CONTEMPT PROCEEDINGS FOR NONCOMPLIANCE [Dkt 1259]**

    Paul A. Bilzerian ("Bilzerian") hereby submits his Opposition to Kevin Horstwood's Verified Motion to Enforce Court Order and for initiation of Criminal Contempt Proceedings for noncompliance [Dkt 1259].[1]

    1.    Horstwood argues that because Adam Bilzerian granted me a power of attorney to represent him in certain cases involving Horstwood that I have the ability to dismiss those cases. First, as Horstwood knows, Adam sold and assigned his interests in his claims against Horstwood to a third party, International Investments, Ltd, nearly two years ago. [See Exhibit 1]. The claims against Horstwood are no longer Adam's to dismiss. Although, it is well recognized in St. Kitts that Horstwood is a fraud and a thief, my son Adam is not. Dismissing a claim of more than USD$10 million that does not belong to him would shift Horstwood's liability for his debt back to Adam, the original lender, which would be the ultimate injustice. This court's extraordinary mind-

---

[1] Bilzerian is of the opinion that this court erred when it granted Horstwood's Motion to Intervene [Dkt 1247] and also erred when it granted Horstwood's Motion for an Order to Show Cause [Dkt 1251] and also erred when it found Bilzerian in contempt [Dkt 1257]. Unfortunately, all of these erroneous orders are interlocutory and not yet appealable.

numbing bias against me is only serving the objectives of a thief, a fraud and a world-class con man, and harming innocent third parties. This entire proceeding has nothing to do with the Securities and Exchange Commission or the United States, let alone the District of Columbia. I did not bring any of the clearly meritorious cases against Horstwood in St. Kitts and, at the time those cases were brought, had no reason to.

2.      Horstwood does not assert that I failed to give the notices required by the contempt order; instead he complains that I could have used other means to give notice. However, Horstwood also provided notice to various parties. In fact, my son Adam has already had three attorneys appear on his behalf. Horstwood's complaint is frivolous.

3.      Horstwood refers to the claims brought against him as "frivolous." Like most of what Horstwood states, nothing could be further from the truth. Horstwood is clearly using this court to unlawfully avoid a debt well in excess of USD$10 million. Horstwood has attempted every single possible delay and has manufactured one frivolous defense after another but as the next step in this fifteen-year saga is for a trial to finally commence this year in St. Kitts, Horstwood is now desperate to avoid the inevitable judgment that will follow. (See Exhibit 2).

### Conclusion

WHEREFORE, this Court should deny Horstwood's frivolous Motion.

Respectfully submitted,

*Paul A. Bilzerian*
_____
Paul A. Bilzerian, *pro se*
P.O. Box 2086
Basseterre, St. Kitts
pabilzeria@aol.com

2

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Paul A. Bilzerian's Opposition to Kevin Horstwood's Verified Motion to Enforce Court Order and for initiation of Criminal Contempt Proceedings for noncompliance [Dkt 1259] was filed with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. Counsel for the Securities and Exchange Commission was served electronically by the CM/ECF system on this 28th day of February 2025.  In addition, a copy was also served by mail to Kevin Horstwood at Haven House, Grand Mal, St George, Grenada W.I. on this 28th day of February 2025.

*Paul A. Bilzerian*
_____
Paul A. Bilzerian