**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SECURITIES EXCHANGE COMMISSION ⟩
⟩          1:89-cv-1854-RCL
        Plaintiff, ⟩
⟩
v. ⟩
⟩
PAUL A. BILZERIAN, ⟩
⟩
        Defendant. ⟩
_____ ⟩

**INTERVENOR ADAM BILZERIAN'S SUPPLEMENTAL EXHIBIT TO HIS**
**RESPONSE IN OPPOSITION TO KEVIN HORSTWOOD'S VERIFIED MOTION TO**
**ENFORCE COURT ORDER AND FOR INITIATION OF CRIMINAL CONTEMPT**
**PROCEEDINGS FOR NONCOMPLIANCE AND REQUEST FOR RELIEF FROM**
**COURT ORDER ENTERED ON 1/24/25**
**(SUPPLEMENTING DOCKET # 1267)**

Comes Now, Intervenor Adam Bilzerian, by and through his undersigned counsel David

Z. Chesnoff, Esq., Richard A. Schonfeld, Esq., and G. Allen Dale, Esq., and hereby files his

Supplemental Exhibit to his Response in Opposition to Kevin Horstwood's Verified Motion to

Enforce Court Order and for Initiation of Criminal Contempt Proceedings for Noncompliance

and Adam Bilzerian's Request for Relief from Court Order Entered on 1/24/25.

This Supplemental Exhibit, marked as Exhibit A, is an Order from the Eastern Caribbean

Supreme Court in the High Court of Justice Federation of Saint Christopher and Nevis Saint

Christopher Circuit that granted the application to substitution Adam Bilzerian with International

Investments Ltd.  The Court Order notes that substitution of parties was a result of the Purchase

Agreement between International Investments Ltd. and Adam Bilzerian which is dated March 16,

2023.  As stated in Adam Bilzerian's previously filed Response (Dkt 1267) that contract was

entered into long before the Motion for an Order to Show Cause was submitted by Kevin

Horstwood.

Accordingly, this Exhibit supports the arguments raised by Adam Bilzerian in terms of why an Order to Show Cause should not be entered against him and why he should be granted relief from the Order entered on January 24, 2025.

Dated this 9th day of April, 2025.

RESPECTFULLY SUBMITTED:

    /s/ G. Allen Dale
G. Allen Dale (D.C. Bar No. 954537)
Law Offices of G. Allen Dale, PLLC
555 13th Street NW Suite 500 West
Washington, DC 20004
Telephone: 202-638-2900
Fax: 202-628-4177

CHESNOFF & SCHONFELD

    /s/ Richard A. Schonfeld, Esq.
David Z. Chesnoff, Esq,
Appearing pro hac vice
Richard A. Schonfeld, Esq.
Appearing pro hac vice
520 S. 4th Street
Las Vegas, Nevada 89101
Telephone: 702-384-5563
Fax: 702-598-1425

Attorneys for Intervenor
Adam Bilzerian

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on all those registered for service using the CM/ECF system on this 9th day of April, 2025.

In addition, a courtesy copy was sent by email on this 9th day of April, 2025, as follows:

Paul A. Bilzerian
pabilzeria@aol.com

Michael J. Roessner, Esq.,
Securities Exchange Commission
RoessnerM@sec.gov

Kevin Horstwood
kevinhorstwood@yahoo.co.uk

Dated this 9th day of April, 2025.

_____/s/ Rosemary Reyes_____
Employee of the Law Offices of Chesnoff & Schonfeld

**EXHIBIT**

**A**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
FEDERATION OF SAINT CHRISTOPHER AND NEVIS
SAINT CHRISTOPHER CIRCUIT
(CIVIL)
A.D. 2025

CLAIM NO. SKBHCV2011/0320
SKBHCV2016/0311

BETWEEN:

ADAM BILZERIAN

Claimant

-and-

KEVIN HORSTWOOD

Defendant

ORDER

BEFORE:        Master Yuri Saunders

APPEARANCES:   Derriann Charles for the Claimant; and

PRESENT:       Kevin Horstwood, present; and
               Paul Bilzerian
               Gregory Gilpin-Payne

DATED:         8 April 2025
FILED:         8ᵗʰ April 2025

UPON the Claimant's application issued 7 February 2025 ("*the Application*") to substitute himself with International Investments Ltd. ("*the Company*") pursuant to CPR 19.3 which was heard on 27 February 2025

AND UPON Paul Bilzerian who holds a power of attorney for Adam Bilzerian undertaking at the hearing of the Application that he, on behalf of Adam Bilzerian, agreed and consented to pay any costs order made against the Company in these proceedings if the same was not paid by that entity within thirty (30) days.

AND UPON the Court hearing the oral submissions of Derriann Charles for the Claimant and Michelle Slack for the Defendant on 27 February 2025

001

**AND UPON** the Court considering that:

1. The grounds of the application are that:

    i.  Pursuant to CPR 19.2 (5) the Court may order a new party to be substituted for an existing party if (a) the Court can resolve the matters in dispute more effectively by substituting the new party for the existing party; or (b) the existing party's interests or liability has passed to the new party.

    ii.  Pursuant to CPR 19.3(4) the written consent of the substituted claimant must be filed with the court office.

    iii.  By Purchase Agreement between the Company and the Claimant dated 26 March 2023 ("*the Agreement*"), all of the Claimant's interests and liabilities in the companies which are the subject of these proceedings was transferred to the Company. Articles II and III of the agreement, "Existing Litigation", states that:

    > *"Adam Bilzerian agrees to transfer all of his interest in Lemon Grove, CBS and the Condo to the Company.*

    > *The Company agrees to substitute itself for Adam Bilzerian in all pending litigation involving Horstwood, Lemon Grove, CBS, and the Condo, including, but not limited to, the Horstwood Claims; the Weiner Claim; Adam Bilzerian vs. Lemon Grove Company, SKBHCV2012/0258; CBS, Lemon Grove & Adam Bilzerian v FCIB, SKBHCV2016/0348; and Adam Bilzerian vs. Getz, sec HOA, SKBHCV2013/176."*

    iv.  The Company has given its written consent to be substituted as claimant, required under CPR 19.3(4).

2. The Defendant has objected to the application for the following reasons:

    i.  The application is an abuse of process because a similar application was issued which was granted by the High Court but dismissed following the Defendant's appeal to the Court of Appeal.

    ii.  Insofar as the Agreement relies on Adam Bilzerian's ownership of companies which are the subject of these proceedings the transaction is an invalid one as the same (Adam Bilzerian's interest in the said companies) is yet to be decided.

    iii.  The Company is a shell controlled by Adam and Paul Bilzerian and the sought substitution is motivated by ulterior motives.

002

iv.       Given the multiple issues arising in respect of the Agreement the Court ought not to sanction it as a sufficient basis on which to find any genuine transfer of interests or liabilities to the Company.

v.       The application is incomplete insofar as it does not exhibit a copy of the consideration (a promissory note) for the transfer of the Claimant's interest in the subject companies.

vi.       The Company has been publicly declared as an instrument of Paul Bilzerian who has previously been forbidden by this Court from advocating in person.

vii.       The Application is an abuse of the Court's process insofar as it is in disregard of United States of America ("US") Court orders binding on Paul Bilzerian and his agents, in particular, an order of 19 July 2001 of Justice Lamberth.

viii.       The Claimant is indebted to the Defendant in respect of costs by virtue of a previous order of the Court and the substitution of the Company would frustrate the recovery of those costs and any other costs ordered by the Court as the Company is a shell.

**AND UPON** the Court considering that the Application should be granted for the following reasons:

3. CPR 19.2(5)(a) permits the substitution of one party for another if there is evidence that, either a party's cause of action or the cause of action against that party has been transferred to another person who is sought to be joined to the proceedings. It has previously been decided by the England and Wales Court of Appeal in **London Borough of Hounslow v Cumar** 2012 EWCA Civ 1426 that the UK rule in *pari materia* with CPR 19.2(5)(a) should be construed widely and not in a restrictive manner.

4. On an application under CPR 19.2(5)(a), it is not appropriate for the Court, when presented with evidence that a claimant's cause of action has been transferred to a 3rd party, to conduct a mini trial regarding whether the transaction which effected the transfer is legitimate or in good faith. So long as the parties to be substituted agree to the substitution, the Court's role is to assess whether the claimant has supplied sufficient evidence to demonstrate that their interest has been transferred.

5. In these proceedings the Claimant has exhibited the written agreement by which his interest in the companies which are the subject of these proceedings was transferred to the Company proposed to be substituted.

6. If the Defendant wishes to contend that the Claimant's interest has not in fact passed because the vesting agreement is, essentially, a sham, unless the agreement on its face is clearly so, the Defendant's most appropriate recourse is either to:

003

    i.      issue an application for summary judgment on the claim following the substitution on the basis that the substituted Claimant has no cause of action; or

    ii.     Contend at trial that the Claimant has no cause of action and that the action should be dismissed.

7. The above courses of action would enable the Defendant to deploy in a summary fashion and at trial the inchoate arguments it now seeks to advance in the course of the Application. Furthermore, if the issues raised by the Defendant concerning the veracity of the facts and matters in the Agreement had to be conclusively resolved in the course of the Application, it is very likely that the Court would be unable to do so in a summary manner at all without, for example, cross examination of interested parties.

8. The Defendant's objections to the Application as set out above are rejected for the following reasons:

    i.     The Application is not an abuse of process in light of the Court of Appeal's prior decision because the Court of Appeal's note of hearing makes expressly clear that the Court premised its decision on the basis that the agreement upon which the application was grounded was not exhibited by the Claimant and therefore the evidence then advanced in support of the applicaiton was incomplete. Since then, the Claimant has remedied that aspect of the Application by exhibiting the agreement between the parties which, from all appearances, is legally binding.

    ii.    The purport of the Agreement is to transfer all of the Claimant's interest in the subject companies to the Company. Article III also purports to transfer the Claimant's causes of action in respect of his alleged interests in the subject companies to the Company. There is nothing in the Defendant's argument that the Claimant is not capable of so transferring his causes of action. For example, it has not even been suggested that the Agreement is void for reasons of champerty/maintenance. In any event, the decision **Trendtex Trading Corporation v Credit Suisse** [1980] QB 629 makes it clear that the rules of champerty and maintenance are much less likely to be offended in the sale of a cause of action where, as is the case in these proceedings, the assignee has a genuine commercial interest in the assignment.

    iii.   On an application under CPR 19.2(5)(a), the Court's remit does not include a consideration of the applicant's motivation except insofar as it is relevant to the criteria in CPR 19.2(5)(a). Having considered that criteria, the evidence supplied by the Defendant regarding the Claimant's alleged motivation does not change the Court's decision in any way for the reasons set out at "6" and "7" above.

iv.   Insofar as the Defendant has argued that the Application is incomplete as it does not exhibit a copy of the Promissory Note, in the Court's view, it is not suitable at this juncture to conduct a mini trial regarding whether, in fact, there was consideration for the transfer. Both parties to the document have said that consideration did pass and for the reasons set out at "6" and "7" above, it is not appropriate to second guess that evidence at this stage.

v.   Insofar as it was contended that the Company has been publicly declared an instrument of Paul Bilzerian, it was not this Court that made such a finding and Justice Ventose's decision only sought to prevent Paul Bilzerian from acting for Adam Bilzerian as a litigant in person. A grant of the Application therefore is not inconsistent with the Ventose J (as he then was) decision.

vi.   Insofar as it is contended that the Application is an abuse of the Court's process because it is in disregard of US Court orders, even if that has been demonstrated as a fact, such Court orders are not directly enforceable in this jurisdiction.

vii.   It is possible that the Defendant could be prejudiced by the substitution of the Company in respect of its costs in the event that the Company is in fact a shell as the Defendant has contended. For that reason, at the outset of the arguments concerning the Application, Adam Bilzerian through his Attorney, notwithstanding the transfer of his interest in these proceedings, agreed and consented to be bound by any costs order made against the Company.

**AND UPON** the Court noting that all case management directions have been fully complied with and there are no pending or anticipated applications of an interlocutory nature at this stage by either party

**IT IS HEREBY ORDERED THAT:**

1.   The Claimant's application is granted and the company International Investments Ltd. shall be *substituted with Adam Bilzerian as the Claimant herein.*

2.   Adam Bilzerian shall pay any costs order made against International Investments Ltd in these proceedings if the same is not paid by it within thirty (30) days.

3.   This matter is adjourned to a date to be fixed by the Court Office for a pre-trial review before a judge;

4.      The parties are to file all applications to be heard at the PTR, including any notice(s) of evidential objections at least 28 days before the date fixed for the PTR in default of which no such application is to be made without permission of the judge;

5.      Parties are to file their objection to any application filed in compliance with the timelines set out in Rule 11.12 CPR;

6.      The parties are to file a joint PTR Memo agreed between the parties at least *seven (7) days* before the PTR in default of agreement, each party is to file their own PTR Memo by the same date; and

7.      The Claimant shall file this order.

BY THE COURT,

REGISTRAR

The court office is located at Fortlands, Basseterre, St. Kitts, telephone number (869) 467-1336. The office is open between 8:30am and 3:30pm Mondays to Fridays except public holidays.

006

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
IN THE FEDERATION OF ST CHRISTOPHER AND
NEVIS
SAINT CHRISTOPHER CIRCUIT
(CIVIL)
A.D. 2025


CLAIM NO: SKBHCV2011/0320
CLAIM NO: SKBHCV2016/0311
CONSOLIDATED


BETWEEN:

ADAM BILZERIAN                           Claimant

                 and

KEVIN HORSTWOOD

                                          Defendant

---

### ORDER

---

Filed by:

Derriann Charles

**CHARLES & ASSOCIATES**

Attorneys-at-Law for the Claimant

Unit C20, The Sands Complex, Bay Road,

Basseterre, St. Kitts

Telephone: (869) 466-7162

Office Mobile: (869) 667-7162

Email: derriann@charlesandassociateslaw.com


007