RECEIVED
Mailroom
JUL 15 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**SECURITIES AND EXCHANGE COMMISSION,**

      Plaintiff,

v.                                            Case No 89-1854 (RCL)

**PAUL BILZERIAN, et al.,**

      Defendants

_____/

**KEVIN A. HORSTWOOD**
Haven House, Grand Mal,
St Georges Parish,
Grenada W.I.

      Movant.

v.

**PAUL BILZERIAN**, et al.,

      Defendants.

---

### NOTICE OF FILING FOREIGN COURT ORDER AND PURSUANT DOCUMENT AND NOTICE FOR ADAM BILZERIAN

    KEVIN A. HORSTWOOD ("**Horstwood**"), pro se, hereby files the attached Order and pursuant document from the High Court of Justice of the Federation of Saint Christopher and Nevis. Horstwood also files the attached Notice to Adam Bilzerian.

    Dated July 14, 2025.

*[signature: Kevin Horstwood]*

---

KEVIN A. HORSTWOOD
Haven House, Grand Mal, St George,
Grenada W.I.
Tel; +1 473 534 0087
E-mail kevinhorstwood@yahoo.co.uk

## CERTIFICATE OF SERVICE

I, Kevin Andrew Horstwood hereby certify that I served a copy of the foregoing by regular or electronic mail on Paul Bilzerian P.O. Box 2086, Basseterre, St. Kitts, Michael J. Roessner, Esq., and Securities and Exchange Commission, Division, Division of Enforcement, 100 F Street NE, Mail Stop 5631, Washington, DC 20549 on this 14th day of July, 2025.

*[signature: Kevin Horstwood]*

---

KEVIN A. HORSTWOOD

The Eastern Caribbean Supreme Court

In the Court of Appeal

Saint Christopher and Nevis

SKBHCVAP2025/0005

BETWEEN:

Kevin Horstwood

Applicant

and

Adam Bilzerian

Respondent

ORDER

**CHAMBERS**

**ON PAPERS**

**BEFORE HER LADYSHIP, THE HON. MDE. VICKI ANN ELLIS, JUSTICE OF APPEAL** on the **27th** day of **May** 2025-

**UPON** the notice of application filed on 29th April 2025 seeking leave to appeal the decision of Master Yuri Saunder dated 8th April 2025 ("the application"), coming on for hearing:

**UPON READING:**

 i. the affidavit of Kevin Horstwood in support of the application filed on 29th April 2025;
 ii. the certificate of exhibit to affidavit filed on 29th April 2025;
 iii. the skeleton arguments in support of the application filed on 29th April 2025;
 iv. the bundle of authorities filed on 29th April 2025;

**UPON CONSIDERING:**

 i. Rule 62.2(8) of the **Civil Procedure Rules (Revised Edition) 2023** which states that leave to appeal may be given only where – (a) the court considers that

    the appeal would have a realistic prospect of success; or (b) there is some other compelling reason why the appeal should be heard;

ii. The principles of the grant of leave to appeal as stated in **Othneil Sylvester v Faelleseje Civil Appeal No. 5 of 2005** (delivered 20th February 2006, unreported) and in **Cage St. Lucia Limited v Treasure Bay (St. Lucia) Limited Saint Lucia Civil Appeal No. 45 of 2011** (delivered on 23rd January 2012, unreported);

**UPON THE COURT BEING OF THE VIEW THAT** the applicant has met the threshold test for the grant of leave to appeal.

**IT IS HEREBY ORDERED THAT:**

1. The application for leave to appeal is granted.

2. The applicant shall file and serve a notice of appeal within 21 days of the date of this order.

3. Thereafter, the appeal shall proceed in accordance with the Civil Procedure Rules (Revised Edition) 2023.

4. The Registrar of the High Court shall serve a copy of this order on the applicant and provide proof of service within 7 days of the date of this order.

Dated the **27th** day of **May** 2025

**BY THE COURT**

.................................................
**DEPUTY CHIEF REGISTRAR**

**Case Number :SKBHCVAP2025/0005**

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE COURT OF APPEAL
SAINT CHRISTOPHER AND NEVIS
ST. CHRISTOPHER CIRCUIT
A.D. 2025
CIVIL



Submitted Date:17/06/2025 14:31

Filed Date:17/06/2025 14:40

Fees Paid:22.00

CIVIL APPEAL NO. SKBHCVAP2025/0005

BETWEEN

KEVIN A. HORSTWOOD                    **APPELLANT**

And

ADAM BILZERIAN                        **RESPONDENT**

## NOTICE OF INTERLOCUTORY APPEAL

(*to set aside the decision of Master Yuri Saunders delivered on the 8th April 2025 pursuant to CPR 62.13*)

**TAKE NOTICE** that the Appellant being the Defendant in the court below and being granted Leave to Appeal by Order of the Court dated the 27th day of May, 2025 hereby appeals to the Court of Appeal against the decision contained in the Order of the Learned Master Yuri Saunders delivered on the 8th day of April, 2025 [a copy of the Order is at Page 33 of the Bundle of Documents].

1. **Details of Order appealed:**

    1. *International Investments Limited, a limited liability duly incorporated under the laws of St. Christopher and Nevis be substituted in place and instead of Adam Bilzerian as the Applicant herein.*

2. **Details of –**

(a) **any finding of fact which are challenged:**

1. That the Court can resolve the matters in dispute more effectively by substituting International Investments Limited for Adam Bilzerian.

2. That the interests or liability of Adam Bilzerian passed to International Investments Limited.

**(b) any findings of law which are challenged:**

1. That the Claimant has satisfied the requirements of CPR 19.2(5).

### 3. Grounds of Appeal:

1. The Learned Master failed to exercise his discretion under CPR 19.2(5) judicially by granting the Order to substitute the new party, International Investments Limited for the existing Claimant Adam Bilzerian without considering the incompleteness of the evidence for the alleged transfer of the interests or liability of Adam Bilzerian to International Investments Limited. There was insufficient evidence on which the Court could be satisfied that the Claimant's interest passed to a new party and the Court accepted the Claimant's statement in his affidavit without more. A missing foundational document to the alleged asset transfer, being a Promissory Note, if it exists, is the sole consideration being given to Adam Bilzerian in the alleged asset transfer. By making such an order without reviewing the missing Promissory Note, the learned Master failed to exercise his discretion judicially and therefore arrived at a decision which was clearly wrong.

2. The Learned Master failed to exercise his discretion under CPR 19.2(5) judicially by granting the Order to substitute the new party, International Investments Limited for the existing Claimant Adam Bilzerian without considering that the 'contract of exchange' submitted is based on false pretenses and so the exchange was not bona fide and that therefore

there is no evidence as to whether the precondition in CPR 19.2(5)(b) has been met.

3. The learned Master erred in law in finding that the issues in the proceedings could be resolved more effectively by substituting International Investments Ltd for Adam Bilzerian and / or that the interests or liability of Adam Bilzerian had passed to International Investments Limited.

4. The learned Master failed to exercise his discretion under CPR 19.2(5) judicially by granting the Order to substitute the new party, International Investments Limited for the existing Claimant Adam Bilzerian without considering that the Intended Appellant is prejudiced by the substitution because it usurps the prior Order of Justice Royce C. Lamberth and takes away the fruits of the Intended Appellant endeavours in the US Court.

5. The Learned master failed to exercise his discretion under CPR 19.2(5) judicially by granting the Order to substitute the new party, International Investments Limited for the existing Claimant Adam Bilzerian without considering that the Claimant has the same controlling mind as the proposed party to be substituted.

6. The Learned Master further erred in failing to properly consider that the events giving rise to the claim in this litigation occurred 14 years ago, and that if Adam Bilzerian was not the proper party to bring the claim, any claim now brought by another party—such as International Investments Limited—would be statute-barred. The Learned Master failed to take into account the Intended Appellant's defense that the proper claimant from the outset was International Investments Limited, not Adam Bilzerian. By ordering the substitution of International Investments Limited in place of Adam Bilzerian, the Learned Master effectively extinguished this defense,

and also deprived the Intended Appellant of the opportunity to raise a limitation defense against any new claim now brought by the substituted party.

**4. Orders sought:**

1. That the Order of Learned Master Yuri Saunders delivered on the 8th of April 2025, be set aside.

2. That the Respondent pays the Appellant's costs on the Appeal and in the lower Court.

**5. Any specific power which the court is asked to exercise:**

That the Court sets aside the decision of the Learned Master.

**6. Details of the other parties to the proceedings in the court below**

| Name | Address for Service |
|---|---|
| Adam Bilzerian | Charles & Associates |
| | Unit C, The Sands Complex |
| | Bay Road |
| | Basseterre |
| | St. Kitts |

Dated the _____ day of _____ 2025.

Signed: _____
KEVIN A. HORSTWOOD

The Court Office of the Court of Appeal is at Second Floor, Heraldine Rock Building, The Waterfront, Castries, Saint Lucia, telephone number +1-758-452-2574, FAX +1-758-457-3601. The Court of Appeal office is open between 8:30 a.m. and 5:00 p.m. Mondays to Fridays except Public Holidays.

The address for service of the Appellant is:

Kevin A. Horstwood.
Address for service by e-mail: kevinhorstwood@yahoo.co.uk
St Kitts service address:
C/o Law Chambers of :
Terence V. Byron C.M.G.
Byron & Byron,
O'Loughlin House,
Fort Street, Basseterre,
St. Kitts, WI.

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE COURT OF APPEAL**
**SAINT CHRISTOPHER AND NEVIS**
**ST. CHRISTOPHER CIRCUIT**
**A.D. 2025**
**CIVIL**

**CIVIL APPEAL NO. SKBHCVAP2025/0005**

**BETWEEN**

**KEVIN A. HORSTWOOD**                    **APPELLANT**

And

**ADAM BILZERIAN**                         **RESPONDENT**

## NOTICE OF INTERLOCUTORY APPEAL

(*to set aside the decision of Master Yuri Saunders delivered on the 8th April 2025 pursuant to CPR 62.13*)

Filed by:

Kevin A. Horstwood.
Address for service by e-mail: kevinhorstwood@yahoo.co.uk
St Kitts service address:
C/o Law Chambers of :
Terence V. Byron C.M.G.
Byron & Byron,
O'Loughlin House,
Fort Street, Basseterre,
St. Kitts, WI.

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE COURT OF APPEAL**
**SAINT CHRISTOPHER AND NEVIS**
**ST. CHRISTOPHER CIRCUIT**
**A.D. 2025**
**CIVIL**

**CIVIL APPEAL NO. SKBHCVAP2025/0005**

**BETWEEN**

| | |
|---|---|
| **KEVIN A. HORSTWOOD** | **APPELLANT** |
| And | |
| **ADAM BILZERIAN** | **RESPONDENT** |

## NOTICE

*(Pursuant to the Leave of the Court of Appeal granted on 27th May 2025,)*

## TAKE NOTICE :

1. that the Notice of Appeal in the captioned matter has been duly filed.

2. that it is no longer true to say that Adam Bilzerian has no power to comply with the Order of Justice Royce C. Lamberth delivered on the 24th of January 2025.

3. that if Adam Bilzerian declines to contest the captioned appeal, then he will automatically become the Claimant herein and can immediately withdraw the matter pursuant to the said order of Justice Lamberth on the 24th of January 2025.

DATED 11th day of July 2025.

*Kevin Horstwood*

Kevin A. Horstwood.

Appellant.