UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SECURITIES AND EXCHANGE COMMISSION**,

*Plaintiff*,

vs.

**PAUL A. BILZERIAN**, *et al.*,

*Defendants*.

Case No. 1:89-cv-1854-RCL

**NON-PARTY DAN BILZERIAN'S MOTION A) TO INTERVENE AND B) FOR CONTEMPT AGAINST DEFENDANT PAUL A. BILZERIAN**
[Hearing Requested]

Paul Bilzerian stole his son Dan's vape company and has abused the courts of British Columbia to prevent Dan from engaging in legitimate competition. Non-Party Dan Bilzerian ("Movant") moves for leave to intervene to seek an order holding Defendant Paul Bilzerian in contempt for violating this Court's Order that he refrain from "commencing or causing the commencement of any proceedings in any court, other than in this Court ... without prior application to and approval of this Court." Order, ECF No. 416; *SEC v. Bilzerian*, 613 F. Supp. 2d 66, 69 (D.D.C. 2009). By this same motion, Movant seeks entry of such a contempt order.

## STATEMENT OF POINTS AND AUTHORITIES

On July 19, 2001, this Court entered an Order (ECF No. 416) on the motion of Receiver Deborah R. Meshulam holding Defendant, Paul A. Bilzerian, in contempt; as set forth in the fifth operative paragraph, the Court:

> ORDERED that Defendant Paul A. Bilzerian, his agents, servants, employees, and attorneys, and those person in active concert or participation with them … are prohibited … from otherwise commencing or causing the commencement of any proceedings in any court, other than in this Court … without prior application to and approval of this Court[.]"

That Order has not been withdrawn and remains in effect. Defendant Paul A. Bilzerian is in violation of that fifth operative paragraph, must be held in contempt, and must be required to dismiss all pending proceedings against Movant.

A. **Factual Background**

In 2017, Movant was the majority shareholder of Vulcan Enterprises, Ltd.[1]  Vulcan controlled the "Ignite" brand founded by Movant, which was used to sell disposable vapes, spirits, and apparel.

Ignite International Brands, Ltd.,[2] a British Columbia, Canada, company, acquired Vulcan in 2018, having previously entered into an agreement with Vulcan and Movant for the use of Movant's name, approved photographs, approved images, voice, and approved likeness within the worldwide cannabis industry, including cannabis brand logos and related marks, including "Burn by Bilzerian" and "Ignite by Bilzerian."  On January 2, 2019, Movant was named a director, Chairman, and CEO of Ignite.  In August 2022, following further combinations and acquisitions, Ignite went private, with Movant remaining as a director and Chairman.

In December 2023, Movant made an agreement regarding governance of Ignite with Greg Gilpin-Payne, the Defendan's associate, who acted as a representative of certain shareholders said to be a majority.  One of those shareholders was International Investments, Ltd. ("IIL"), controlled by Defendant Paul Bilzerian.  **This Court has already determined that IIL is "another of [Defendant] Bilzerian's companies"**. ECF No. 1256, Memorandum Opinion at 6.  (IIL was the named litigant giving rise to the earlier contempt finding.  *Id.* at 13).

On June 1, 2024, Mr. Gilpin-Payne, at the direction of Defendant, on IIL letterhead, demanded that Movant resign.  He refused.  Thus, on June 2, 2024, Mr. Gilpin-Payne, again at the direction of Defendant and on ILL letterhead, purported to terminate Movant as a director and Chairman.

Since that time, Movant has been battling ILL, Ignite, and others in the courts of British Columbia, Nevada, and California Nevada to protect his rights against Defendant and his accomplices.  Two specific actions are of note:

---

[1] The name of this entity changed over time, but the name "Vulcan" is used to avoid confusion.
[2] This is the current name of the company and is used generally to avoid confusion.

1) On October 9, 2024, ILL and Ignite, both now functionally controlled by Defendant, filed the equivalent of a preliminary injunction motion, and on January 7, 2025, and Order Made After Application formally entered that required Movant to tender an Instagram account to Ignite and barring Movant from representing his authority to act on behalf of Ignite. *See Dan Bilzerian v. Ignite Int'l Brands, Ltd., et al.,* No. S-245663 (B.C. Sup. Ct., Van. Reg. filed Oct. 9, 2024) (Notice of Application) (hereinafter "245663 Action") attached as Exhibit 1 and *Dan Bilzerian v. Ignite Int'l Brands, Ltd., et al.,* No. S-245663 (B.C. Sup. Ct., Van. Reg. Jan. 7, 2025)(Order Made After Application) attached as Exhibit2; and

2) On February 14, 2025, ILL, functionally controlled by Defendant, filed a Notice of Civil Claim (akin to a civil complaint) against Movant for alleged various causes of action (hereinafter "251196 Action"). *See Ignite Int'l Brands v. Bilzerian*, No. S-251196 (B.C. Sup. Ct., Van. Reg. filed Feb. 14, 2025)(Notice of Civil Claim) attached as Exhibit 3. And, on March 27, 2025, that court entered a preliminary injunction enjoining Movant from competing with Ignite. *See Ignite Itn'l Brands v. Bilzerian*, No. S-251196 (B.C. Sup. Ct., Van. Reg. Mar. 27, 2025)(Reasons for Judgment), attached as Exhibit 4.

In short, Defendant Paul Bilzerian, through his agents and those acting in concert, caused the October 9, 2024 Notice of Application in *Dan Bilzerian v. Ignite Int'l Brands, Ltd., et al.,* No. S-245663, and the February 14, 2025 Notice of Civil Claim in *Ignite Itn'l Brands v. Bilzerian*, No. S-251196 to be filed, commencing the resultant proceedings. Such commencement was without approval of this Court.

### B. Movant May Intervene in this Matter

Recently, on June 18, 2024, in its Order Granting Motion for Post-Judgment Intervention (ECF No. 1247), the Court laid out that a third-party who seeks to have the Court find Defendant in contempt for violation of the 2001 Order, may permissively intervene pursuant to Fed. R. Civ. P. 24(b). As the Court observed, "the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." (ECF No. 1247 quoting *EEOC v. Nat'l*

*Children's Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Just as the Court found that Mr. Horstwood could intervene to seek contempt, so, too, can Movant.

First, as with Mr. Horstwood's intervention, "an alleged violation of the 2001 order is at issue, so this Court 'retains a residual jurisdiction to enforce its mandate." *Id.* quoting *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am., UAW v. Occupational Safety & Health Admin.,* 769 F.2d 749, 740 (D.C. Cir. 1992).

Second, the motion is timely. As with Mr. Horstwood, Movant alleges a continuing violation of the order—the ongoing British Columbia proceedings controlled by Defendant against Movant. And, just as the Court found Mr. Horstwood's intervention to be timely, Movant's application is timely where he seeks to "thwart [Defendant's] alleged abusive litigation practices." *Id.*

Third, identical with the motion of Mr. Horstwood, Movant "alleges behavior of the sort that the July 2001 order was intended to prevent, and therefore invokes questions of law and fact common to the main action" and Movant similarly satisfies the "requisites of Article III standing." *Id.* Defendant is abusing the British Columbia courts to the detriment of Movant. Thus, intervention is proper.

### C. Paul Bilzerian Violated the Injunction and Should be Held in Contempt

Just as the Court determined that Defendant was in contempt for instigating proceedings against Mr. Horstwood in the Eastern Caribbean Supreme Court (ECF No. 1256), overruling his various objections, he should be found in contempt here and be required to cause Ignite to withdraw the 251196 Action and cause ILL, Ignite, and those acting in concert with them to vacate all orders against Movant in the 245663 Action.

As set forth above, Defendant was enjoined in 2001 (ECF No. 416). That injunction was affirmed on appeal. *SEC v. Bilzerian*, 75 Fed. App'x 3 (D.C. Cir. 2003). Defendant was held in contempt for violating it in 2009. *SEC v. Bilzerian,* 613 F.Supp.2d 66 (D.D.C. 2009) *aff'd* 410 Fed. App'x 346 (D.C. Cir. 2010). In 2018, this Court denied Defendant relief from the injunction. ECF No. 1219 *aff'd SEC v. Bilzerian,* 811 Fed. App'x 3 (D.C. Cir. 2020). And, upon Mr. Horstwood's motion, the Court determined that the injunction applied and could be enforced as to

proceedings brought in foreign jurisdictions, including proceedings by companies under Defendant's control, including IIL. (ECF No. 1256). There is nothing novel about Movant's circumstances that would warrant a determination other than Defendant having knowingly violated an enforceable injunction should be found in contempt.

### 1. Legal Standard

As the Court set forth previously:

> The power to punish parties for contempt is inherent in all courts, and its existence is essential to a court's ability to enforce judgments and orders. *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (quoting *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510 (1874)).
>
> Civil contempt is designed to coerce compliance with a court order or to compensate a complainant for losses sustained. *In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009). Civil contempt "will lie only if the putative contemnor has violated an order that is clear and unambiguous, and the violation must be proved by clear and convincing evidence." *Broderick*, 437 F.3d at 1234 (quotation omitted). Clear and convincing evidence in the context of civil contempt means "a quantum of proof adequate to demonstrate to a 'reasonable certainty' that a violation has occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002).

ECF No. 1256 at 14-15. The same standard applies here, though the Court may wish to also consider initiating criminal contempt proceedings in light of the repeated violations, with Defendant initiating the 251196 Action less than a month after the January 24 contempt finding.

### 2. Paul Bilzerian is in Contempt

Defendant's actions in the British Columbia courts are just as sanctionable as his actions in the Caribbean. As the Court has already determined, the injunction applies globally. ECF No. 1256 at 16-24. And nothing has changed to warrant relieving Defendant from the injunction, let alone for actions taken less than a month after having been found in contempt. *See id.* at 24-25.

Yet, once again, Defendant ignores this Court's authority. The 2001 order is "clear and unambiguous" in that Defendant "is not to commence or cause the commencement of proceedings in any court beside the D.C. District Court or the D.C. Circuit without this Court's permission, period." *Id.* at 26. And the Court determined that Defendant's "own court filings evince his

understanding that the 2001 injunction applies anywhere he may go." *Id.* To the extent that there was even a question of whether the 2001 injunction applied globally, the January 2025 order answered that in the affirmative. Yet, he continued his Canadian actions against Movant despite this knowledge.

There is clear and convincing evidence that Defendant violated the injunction as he caused the commencement of the said actions without the Court's permission. As set forth by Ignite's former Vice President of Business Development, Robert J. Duque, "Paul Bilzerian, despite not having any formal position with Ignite, is the ultimate decision-maker at Ignite and controls all aspects of its business, such as marketing, sales, finance, distribution, etc." *See* Exhibit 5, Declaration of Roberto J. Duque, at ¶ 16.[3] Just as Defendant was in control of the Horstwood litigation, he has been in control of the Ignite litigation. *See* Exhibit 6, Declaration of Dan Bilzerian at ¶¶ 9-12 & 14-16. Formal or informal control does not matter. ECF No. 1256 at 28. The utilization of IIL, which is controlling Ignite and has filed its own motion practice in British Columbia against Movant, reinforces this finding, as that was the same company used to abuse Mr. Horstwood. *Id.* at 28 n. 19. Defendant must "play no role" and it does not matter whether he is a named party. *Id.* at 29. The proceedings "revolve[] around financial machinations in which [Defendant] was the principal player." *Id.*

Simply put, Defendant was required to seek leave of court before commencing proceedings on behalf of his companies. *Id.* at 31. He did not do so. Therefore, Defendant is in contempt of the 2001 injunction. A proposed order is filed with this motion.

Pursuant to LCvR 7(m), undersigned counsel states that an effort was made to confer with Defendant, but no response has yet been had.

WHEREFORE Movant respectfully requests this Honorable Court find Defendant in contempt court and order Defendant, as well as his attorneys and associates, including IIL, Ignite,

---

[3] Defendant's unlawful acts and his role in controlling Ignite and IIL are also the subject of the indictment filed against him, Ignite, and other parties in the U.S. District Court for the Central District of California (Case No. 2:24-cv-07331), as well another lawsuit filed by the SEC in the U.S. District Court for the Southern District of New York (Case No.: 1:24-cv-07331).

and any other firm that Defendant purports either to own or to serve as a director, to dismiss all pending lawsuits and vacate all orders against Movant in British Columbia and in any other domestic or foreign forum, and to refer Defendant to the U.S. Attorney's Office for the initiation of criminal contempt proceedings.

Dated: July 30, 2025.                Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, (Bar No. NV005)
Jay M. Wolman (D.C. Bar No. 473756)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Telephone: 888-887-1776
ecf@randazza.com

*Attorneys for Non-Party/Movant,
Dan Bilzerian*

Case No. 1:89-cv-1854-RCL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed on this 30th day of July, 2025 and served on all parties via the CM/ECF system.

/s/ Marc J. Randazza
MARC J. RANDAZZA,
Randazza Legal Group