UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　Plaintiff,<br><br>v.<br><br>PAUL A. BILZERIAN,<br><br>　Defendant. | Case No. 89-1854 (RCL) |

## PAUL A. BILZERIAN'S VERIFIED OPPOSITION TO DAN BILZERIAN'S MOTION TO INTERVENE AND FOR CONTEMPT [DKT 1275]

Paul A. Bilzerian hereby submits his Opposition to Dan Bilzerian's Motion to Intervene and for Contempt and, in support declares on August 13, 2025, under penalty of perjury, that the following is true and correct.

Dan Bilzerian's Motion to Intervene and for Contempt ("Motion to Intervene") should be denied for numerous reasons including: (1) lack of standing; (ii) even if he had standing, the motion is untimely; (iii) even if he had standing and the filing was timely, the filing of the cases he claims violates this court's July 5, 2001 and July 19, 2001 Orders ("Contempt Orders") were filed in a foreign country outside this court's jurisdiction; and (iv) I am not a party to any of the foreign cases and, despite all the perjury by Roberto Duque and Dan Bilzerian, I have never been a director, officer, employee or shareholder, directly or indirectly, of Ignite International Brands, Ltd, a Canadian company.

This Motion to Intervene is being brought because Dan Bilzerian initiated litigation against Ignite and several other parties in British Columbia, Canada ("Foreign Cases") and lost and is now hoping this Court, which is well known for its animosity and extreme bias against me, will use its

power to coerce me into causing the litigation Dan Bilzerian initiated to be dismissed. Even if this Court were to grant Dan Bilzerian's Motion to Intervene and hold me in contempt, I do not have the authority or the ability to dismiss the British Columbia cases.

I confess to being guilty of trying to help an ungrateful and dishonest son save Ignite, a company that was on the verge of bankruptcy in 2020 when I was asked to help save it. I helped raise capital and helped recruit management that turned the company around and have served as an unpaid consultant for nearly five years. I have never asked for nor been paid one cent of compensation by Ignite. My reward has been to be indicted by the United States, sued by the Securities and Exchange Commission ("SEC"), and sued by my son in Nevada. The only reason I continue to serve as an unpaid consultant to Ignite is out of duty to the shareholders, several of whom are lifelong friends of mine, who invested over $100 million in Ignite and out of duty to the management of Ignite who have had to endure my son's abuse and the challenges of working for a company under indictment and sued the SEC.

## ARGUMENT

1. **Bilzerian Failed to Satisfy Rule 71.**

Fed.R.Civ.P. 71 states: "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." However, it is well established that "Rule 71 . . . expressly requires that the order sought to be enforced by the nonparty be made in favor of that person." *United States v. Am. Soc. of Composers, Authors & Publishers*, 341 F.2d 1003, 1007–08 (2d Cir. 1965). Clearly, the Contempt Orders did not grant any relief to Dan Bilzerian and therefore he does not have standing to enforce them. The Motion to Intervene does not even address Rule 71.

The only basis for intervention is to rely on this Court's decision granting Kevin Horstwood's motion to intervene, which also failed to satisfy Rule 71, and which I continue to maintain was erroneous.

**2.      Dan Bilzerian Failed to Satisfy the Requirements of Rule 24(a).**

Rule 24(a) states:

*(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:*

*(1) is given an unconditional right to intervene by a federal statute; or*
*(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.*

### A. The Motion to Intervene is Untimely

The Contempt Orders were entered in 2001. Dan Bilzerian filed his Foreign Cases in July 2024, and waited more than one year and after numerous adverse foreign court rulings to file his Motion to Intervene. The Motion to Intervene does not provide any reason for the one year delay which presumably is because this Court excused a thirteen-year delay for Kevin Horstwood. On this ground alone the Motion to Intervene should be denied.

### B. The Motion to Intervene Does not Satisfy Rule 24(a)(1)

In addition to the Motion to Intervene being untimely, Dan Bilzerian failed to address let alone provide any evidence or argument that he has an unconditional right to intervene pursuant to a federal statute.

### **C. The Motion to Intervene Does not Satisfy Rule 24(a)(2)**

The Motion to Intervene failed to address let alone provide any evidence or argument that Dan Bilzerian can satisfy the requirements of Rule 24(a)(2). The DC Circuit has held:

> We have drawn from the language of [Fed. R. Civ. P. 24(a)(2)] four distinct requirements that intervenors must demonstrate: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian,* 532 F.3d 876, 885 (D.C.Cir.2008) (quoting *SEC v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C.Cir.1998)).

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 192 (D.C. Cir. 2013).

The untimeliness of the Motion to Intervene has been addressed. Dan Bilzerian also failed to provide any evidence or argument to demonstrate he has a legally protected interest in this case. And assuming arguendo that he had some legally protected interest in this case, he has also failed to provide any evidence or argument to demonstrate how this case threatens to impair that imaginary legally protected interest. Finally, assuming arguendo that he had some legally protected interest in this case, and that this case somehow threatens to impair that imaginary legally protected interest, he has failed to even address why the Securities and Exchange Commission is not an adequate representative of his imaginary interests, whatever they might be.

## Conclusion

WHEREFORE, this Court should deny the Motion to Intervene because Dan Bilzerian lacks standing to intervene; the Motion to Intervene is untimely; and the Motion to Intervene fails to satisfy the requirements of either Rule 24(a)(1) or Rule 24(a)(2).

Respectfully submitted,

*[signature: Paul A. Bilzerian]*

Paul A. Bilzerian, *pro se*
631 St. Christopher Club
Frigate Bay, St. Kitts
P.O. Box 2086
Basseterre, St. Kitts
pabilzeria@aol.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Paul A. Bilzerian's Opposition to Dan Bilzerian's Motion to Intervene and for Contempt [Dkt 1275] was filed with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. Counsel for the Securities and Exchange Commission and Dan Bilzerian were served electronically by the CM/ECF system on this 13th day of August 2025.

_/s/ Paul A. Bilzerian_
_____
Paul A. Bilzerian