# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA

    v.         88 Cr. 762

PAUL BILZERIAN,

    Defendant.

------------------------------x

             May 17, 1989
             10:00 a.m.

Before:

    HON. ROBERT J. WARD,

             District Judge

    (Trial resumed)

    (Open court)

    THE COURT: I understand that counsel have some matters that they wish to take up before we bring in the jury.

    Mr. Sachs.

    MR. SACHS: Your Honor, the next witness, according to Mr. Brodsky, is Dwight Norris, to whom reference has been made, and the court may recall was an accountant who prepared some personal and partnership returns, in at least one case, for Paul Bilzerian.

    I asked Mr. Brodsky whether he intended to elicit

SOUTHERN DISTRICT REPORTERS 212-791-1020

SC 5-17-4    Walsh - direct

(At the side bar)

THE COURT:  I will ask two questions.  One is for an offer of proof, and then as to the perceived relevance of the proffered evidence.

MR. AUCHINCLOSS:  Your Honor, if questioned this witness would testify that to his knowledge there was no 13D filed with respect to Hammermill Paper at the time that he sold on the 7th.

In addition, there was no indication in the financial news that anybody was interested in making a tender offer or otherwise acquiring Cluett, Peabody -- Hammermill, I beg your pardon, and he would finally testify that had he known about a 13D position filed by anybody at all he would not have sold those shares.

MR. MATHEWS:  I don't have a 1986 calendar before me but, first of all, the indictment charges that Mr. Bilzerian should have filed by July 7.  The SEC stays open until 5:30 in the afternoon to accept filings, and, indeed, they can be delivered after hours.  The market closes at 4:00 or 4:30.

Any sale even on July 7 would not be relevant to the charges in the indictment.  There would have to be a trade date of July 8 or later for any seller's testimony to be relevant with respect to whether or not they would have acted differently had Mr. Bilzerian filed on time.

Therefore, I would move that your Honor not allow this witness to testify.

MR. BRODSKY:  Your Honor, if I may, the fallacy in Mr. Mathews' argument is that we are not required to prove any actual injury, what a civil plaintiff's burden would be.

The purpose of this witness is to show what significance an average investor would place in a 13D, and this witness will testify that as a holder of Hammermill stock it would have been very important to him to know that there was a 13D position there and whether or not he sold on the 7th, the 8th or 9th is irrelevant to that point.

We are not putting him on for the purpose of proving our actual damages in this case because that is not a burden that the government has in this case.

MR. MATHEWS:  The prejudicial value once they have already elicited that he was the seller at or about the time and the price for which he sold for would far outweigh any probative value and do nothing but lead to jury confusion.

The jury would think that this person is being presented as an investor with respect to that investment they just elicited testimony on and therefore was a supposed victim, and I would respectfully suggest that the prejudicial value would far outweigh any probative value.

They have already had expert testimony from Mr. Coffee generally, and to now, with a witness like that that would have so much prejudice after they get that he sold, I respectfully would argue that the prejudicial value outweighs the probative value.

MR. BRODSKY: Also, if I could add, the fact of the matter is -- it would be one thing if Mr. Bilzerian did file his 13D at 5 minutes to 5:00 just before the SEC closed on July 7. He obviously did not, at the time he was accumulating his stock.

He didn't file his 13D until --

THE COURT: The indictment at paragraph 56 gives the date as on or about July 25.

MR. BRODSKY: Yes.

THE COURT: Which would mean that this witness sold his Hammermill stock before the actual filing, and what is your position as to when the document should have been filed?

MR. MATHEWS: The indictment charges July 7 it should have been filed, specifically charges in the indictment.

MR. BRODSKY: That is correct.

MR. AUCHINCLOSS: That is correct, your Honor.

THE COURT: I am going to overrule the objection.

First, I believe in the context of the

SOUTHERN DISTRICT REPORTERS 212-791-1020