UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | Case No. 1:89-cv-1854-RCL |
| Plaintiff, ) | |
| v. ) | |
| PAUL A. BILZERIAN, ) | |
| Defendant. ) | |

**REPLY TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO PAUL A. BILZERIAN'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B) OF <u>THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

Defendant Paul Bilzerian, by and through his attorney David I. Schoen, hereby files this Reply to the Government's memorandum in opposition of the Defendant's Motion for Relief From Final Judgment Under Federal Rule of Civil Procedure 60(b) (ECF No. 1290).

i

I. INTRODUCTION

In the Securities and Exchange Commission's Opposition to Mr. Bilzerian's legally and factually supported Motion for relief from judgment under Rule 60(b) (hereinafter "Motion"), Commission counsel fails to address most of the arguments raised. Instead, the Commission regurgitates bland legal statements attempting to refute claims that Mr. Bilzerian never raised, and rather than engage in the complex legal issues Mr. Bilzerian did raise, engages in personal attacks on him. Nothing in the Commission's Opposition is new facts or legal analysis. Indeed, in his Motion, Mr. Bilzerian acknowledged the challenges to relief and methodically demonstrated his entitlement under the extraordinary circumstances present here.

II. ARGUMENT

    A. The Motion is Timely

Counsel for the Commission argues that relief is precluded because the Motion is untimely (ECF No. 1290 at 2) (*citing Salazar v. District of Columbia*, 633 F.3d 1110 (D.C. Cir. 2011). Rather than engaging with Bilzerian's argument that his Motion was filed within a reasonable time after the Department of Justice utilized the disgorgement judgment as the basis for new criminal charges in the Central District of California, opposing counsel panders to the Court's disdain for Mr. Bilzerian and asserts that the Motion is frivolous, vexatious, meritless and in bad faith.[1] But counsel uses the wrong measure of "reasonable time" and asserts that all

---

[1] Notably, in so doing, opposing counsel also misstates the record. For example, at page 1 of its Opposition, counsel for the Commission represents to the Court that Mr. Bilzerian applied to this Court for *In forma Pauperis* (IFP) status and that this Court denied it and the denial of *IFP* status was upheld on appeal (ECF No.1290 at 1). In support of this assertion, Commission counsel cites to ECF Nos. 1226, 1232, and 1238. The first two record citations do, indeed, reflect this Court's denial of *IFP* status for Mr. Bilzerian. ECF No. 1238 has nothing to do with that request; rather it relates to the underlying substantive appeal. The truth is that, while this Court denied *IFP* status, after remanding the matter for further consideration and considering this Court's subsequent denial of *IFP* status, the Court of Appeals **granted** Mr. Bilzerian *IFP* status on December 19, 2019, contrary to Commission counsel's representation to this Court. (Exhibit 1).

1

past filings for the past three decades indicate this Motion was not filed within a reasonable time post *Liu v. SEC*, 591 U.S. 71 (2020) (hereinafter *Liu*). This is not the relevant measure of time. Mr. Bilzerian filed this Motion within a reasonable time after the disgorgement judgment was used prospectively in the criminal prosecution and based on the confluence of the changes in law through *Kokesh v. SEC*, 581 U.S. 455 (2017), *Liu*, related legislation, and subsequent district court decision such as *SEC v. Govil*, 86 F.4th 89, 99-100 (2d Cir. 2023). That was the relevant triggering event for each basis raised under Rule 60(b) and the very reason we are now before the Court.

Moreover, *Salazar*, relied upon by opposing counsel, expressly states that there is no "standard" for assessing the "reasonable time" for a timely motion. *Salazar*, 633 F.3d at 1118. Instead, *Salazar* emphasizes that prejudice to the non-moving party is a key factor in determining whether a motion was filed within a reasonable time. *Id.* Here, Commission counsel failed to address prejudice or to identify even the possibility of suffering prejudice. As such, the Court may find that the Commission waived any claim of prejudice. In any event, there is no prejudice whatsoever to the Commission based on the timing of the motion.

Thus, for the reasons set forth in the Motion and because there is no prejudice to the non-moving party, the Motion was timely filed.

### B. The Court Should Grant Relief

#### 1. Relief is Warranted Under Rule 60(b)(4)

The Commission misapprehends Bilzerian's argument for relief under section (b)(4) and instead responds to arguments that were never raised. Using generic arguments that are not tied to the context and nuances of this case, Commission counsel asserts that Bilzerian is not entitled to relief under (b)(4) because this Court had personal and subject matter jurisdiction, and proper

notice was provided. But the Motion contains no argument that jurisdiction and notice were lacking. Rather, mindful of the narrow bases for relief under (b)(4), the Motion argues, consistent with those strictures, that relief is available under (b)(4) because the judgment is void for three reasons:

1) Section 78u(d)(5) provides for equitable relief only, and the disgorgement order exceeded the bounds of equity. Thus, the Court never had the power to enter the order, and it was void *ab initio* (*see* ECF No. 1285 at 8-9 and citations therein);

2) The application of *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312–13 (1994), clarifying that "a judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction," to *Liu*'s interpretation of § 78u(d)(5) confirms that the Court's disgorgement order was void *ab initio* (*see* ECF No. 1285 at 1, 9 and citations therein); and

3) The disgorgement judgment was entered in violation of the Double Jeopardy Clause which renders it so "fundamentally infirm" that the Court was without power to make it (*see Id.*).

Bilzerian made substantial legal arguments as to why relief is warranted under (b)(4). In the Commission's Opposition, Commission counsel failed to engage or refute any of these arguments, citing only one case in support of an argument that Bilzerian never raised. For the non-frivolous reasons supported by caselaw and unrefuted by the Commission, relief is warranted under Rule 60(b)(4).

3

## 2. Relief is Warranted Under Rule 60(b)(5)

As to Rule 60(b)(5), opposing counsel again ignores the precise argument made in the Motion, stating in a conclusory manner that relief is not available because money judgments have no prospective application, relying on *Bronson v. SEC*, 602 F. Supp.3d 599, 616 (S.D.N.Y. 2022) (ECF No. 1290 at 4, n. 25), a case Bilzerian cited (ECF No. 1290 at 11). Once again, this is not the argument Bilzerian made. Bilzerian, of course, acknowledged this general rule about the status of a money judgment; but his argument here, for Rule 60(b)(5) purposes, focuses on the later (current) use of that money judgment in another court for a different purpose. The Motion argues, "[t]he prospective use of this disgorgement order as the predicate for a criminal prosecution, when we now know without any question that it is not a lawful order based on the prerequisites in *Liu* and its legislative and judicial progeny, is not equitable, and therefore it must be vacated under Rule 60(b)(5)." ECF No. 1285 at 10-11 (*citing, inter alia, Bronson,* 602 F. Supp. 3d at 615-19, affirmed at 2022 WL 5237474 (2d Cir. Oct. 6, 2022).

The Court applies a flexible standard to determine whether changes in law or facts since the judgment, along with the prospective use at issue, make continued enforcement no longer equitable. *Salazar*, 729 F. Supp. 2d at 263–64; *Jordan v. U.S. Dep't of Lab.*, 331 F.R.D. 444, 453 (D.D.C. 2019), *aff'd sub nom. Jordan v. United States Dep't of Lab*. 2020 WL 283003 (D.C. Cir. Jan. 16, 2020) (denying relief where the movant failed to assert any change in the facts or the law and simply argued its continued application would not be equitable); 12 *Moore's Federal Practice - Civil* § 60.47 [2] (2025); *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1256-57 (9th Cir. 1999) (applying flexible standard and affirming grant of relief under Rule 60(b)(5)); *United States v. Western Elec. Co.*, 46 F.3d 1198, 1203-1208 (D.C. Cir. 1995) (applying a flexible standard of Rule 60(b)(5) to affirm district court modification of consent

decree and antitrust restrictions based on changes that were unforeseen at the time the judgment was entered).

Here, it is significant, and certainly not frivolous, that the monetary judgment is being used prospectively in a new manner – not to collect funds but to remove Bilzerian's liberty and autonomy.

### 3. Relief is Warranted Under Rule 60(b)(6)

As to relief under Rule 60(b)(6), Commission counsel erroneously argues that the only basis for relief forwarded by Bilzerian, an intervening change in law in *Liu*, does not amount to extraordinary circumstances warranting relief. ECF No. 1290 at 5-6. Opposing counsel's pleading, no more than a page and a half, never responds to the myriad arguments made in the Motion, including constitutional infirmities due to violations of the Double Jeopardy Clause and Excessive Fines (ECF No. 1285 at 18-27), sister circuits that have invalidated disgorgement orders following *Liu* due to the failure to identify victims or pecuniary harm (ECF No. 1285 at 15-18 (citations therein), or this District's reckoning with the impact of the changes following *Liu* (ECF No. 1285 at 17 (*citing SEC v. Crystal World Holdings*, 2025 WL 326593, 2025 U.S. Dist. LEXIS 16001 (D.D.C. January 1, 2025) (finding that despite agreement with the reasoning in *Govil*, the district court was bound by the D.C. Circuit's opinion in *Zacharias v. SEC*, 569 F.3d 458 (D.C. Cir. 2009)); *but see Saad v. Sec. & Exch. Comm'n*, 873 F.3d 297, 304-305 (D.C. Cir. 2017) ("Notably, the Supreme Court's decision in *Kokesh* overturned a line of cases from this Court that had concluded that disgorgement was remedial and not punitive. *See, e.g., Zacharias v. SEC*, 569 F.3d 458, 471-72 (D.C. Cir. 2009)." (Kavanaugh, J. concurring). While the Commission appears to concede that *Liu* would mandate a smaller disgorgement order, (ECF

5

No. 1290 at 5), it otherwise fails to address the points raised in the Motion supporting relief under 60(b)(6).[2]

The Commission's pleading mischaracterizes both the scope of Rule 60(b)(6) and the extraordinary circumstances present in this case. While it is true that changes in decisional law alone are rarely sufficient, the D.C. Circuit and the Supreme Court have consistently recognized that intervening changes in the law, when combined with other compelling factors, may justify reopening a judgment under Rule 60(b)(6). *See Agostini v. Felton,* 521 U.S. 203, 239 (1997); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); *Salazar v. District of Columbia*, 633 F.3d 1110, 1119 (D.C. Cir. 2011). This is because relief under Rule 60(b)(6) is a broader analysis, explicitly allowing consideration for changes in the law as part of a multi-factor test. *Martinez v. Shinn,* 33 F.4th 1254 (9th Cir. 2022); *Agostini*, 521 U.S. at 239; *In re Brown*, 547 B.R. 846 (Bankr. S.D. Cal. 2016); *Cf. Kemp*, 596 U.S. at 540, 142 (Sotomayor, J., concurring) (detailing "settled precedents" recognizing the availability of Rule 60(b)(6) to reopen a judgment in extraordinary circumstances, including a change in controlling law).

As noted in the Motion, this Court has expressly emphasized that Rule 60(b) is a powerful tool that grants judges broad authority to accomplish justice, even if only in certain limited circumstances. *See Bryson v. Gere*, 268 F.Supp.2d 46, 53 (D.D.C. 2003) (Lamberth, J.). Here, multiple extraordinary circumstances converge to warrant relief.

---

[2] Commission counsel twice throws in an argument about Rule 60(b)(6) being unavailing as an alternative "in hindsight" when one decided to forego an appeal (ECF No. 1290 at 4-5). This argument was, perhaps, copied from another brief in another case; for it certainly has no bearing on the instant case. Mr. Bilzerian's motion is based on recent changes in the law, long post-dating any direct appeal.

6

### i. *Liu* resolved an unsettled legal question at the core of the judgment.

The Commission contends that *Liu* represents merely an "intervening change in law" that cannot trigger Rule 60(b)(6) relief. But as explained in Mr. Bilzerian's motion, *Liu* was not simply an incremental doctrinal shift—it resolved a long-disputed question as to whether disgorgement could exceed net profits or be awarded without compensating victims. This Court's 1993 disgorgement order, calculated on gross profits and untethered to victim compensation, falls squarely outside the equitable limits clarified in *Liu*. By the Supreme Court's own teaching in *Rivers*, 511 U.S. at 312–13, such a construction is retroactive, confirming that the judgment here was infirm from its inception. As noted in the Motion, *Liu* led to a legislative amendment concerning disgorgement that further supports Mr. Bilzerian's position (ECF No. 1285 at 3, n.3).

### ii. Mr. Bilzerian acted diligently once the judgment regained consequence.

The Commission argues that delay bars relief (ECF No. 1290 at 2-3). But Rule 60(b)(6) imposes no fixed deadline; the standard is reasonableness under the circumstances. *Salazar*, 633 F.3d at 1119. Courts evaluating diligence consider when the operative consequences of a judgment arose, not merely its age. *See Phelps v. Alameida*, 569 F.3d 1120, 1137 (9th Cir. 2009).[3]

Unlike the stale judgments at issue in *Ackermann v. United States,* 340 U.S. 193 (1950), or *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the disgorgement judgment against Bilzerian has been revived as the predicate for criminal charges in the Central District of California. This is not

---

[3] Notably, predecessor counsel in the Central District of California, where the criminal case is pending, immediately filed a motion to dismiss the indictment, raising some of the issues raised in the present Motion; but, as the government argued in response, this District is the proper forum under the "collateral order" rule.

7

a case where finality protects only settled financial expectations; rather, the government seeks to use the judgment to deprive Mr. Bilzerian of his liberty. That prospective and punitive use distinguishes this case from the precedents relied on by the SEC. Mr. Bilzerian sought relief promptly after the Commission indicted him in September 2024 based on the judgment, the first moment when the judgment threatened his liberty interests. Courts have long recognized that the risk of grave injustice to the moving party is central to Rule 60(b)(6) analysis. *See Buck v. Davis*, 580 U.S. 100, 123 (2017).

### iii. The judgment raises profound constitutional concerns.

Commission counsel dismisses arguments under the Double Jeopardy and Excessive Fines Clauses as recycled, (ECF No. 1290 at 3), but intervening precedent has altered the analysis. Amongst others, *Hudson v. United States*, 522 U.S. 93 (1997), *Kokesh v. SEC*, 581 U.S. 455 (2017), and *United States v. Bank*, 965 F.3d 287 (4th Cir. 2020), collectively recognize that ostensibly civil remedies may function as criminal punishment. The disgorgement judgment here—untethered to victims, disproportionate to net profits, and now forming the basis of criminal prosecution—falls within that category (*See* ECF 1285 at 15-27). Constitutional infirmities of this magnitude weigh heavily in favor of relief under Rule 60(b)(6).

### iv. No countervailing reliance or comity interests justify denying relief.

The Commission claims an interest in finality, but it has itself undermined that interest by reviving the judgment a decade after allowing the receivership to close. Having chosen to reanimate the judgment as the foundation for criminal charges, the Commission cannot simultaneously invoke finality to shield it from scrutiny. Nor are there comity or institutional reliance concerns implicated here.

In sum, this is the rare case where Rule 60(b)(6) relief is both justified and necessary. The judgment is legally and constitutionally infirm, and its ongoing use to support criminal prosecution demonstrates an extraordinary circumstance that Rule 60(b)(6) was designed to remedy. The Court should therefore vacate the disgorgement judgment to prevent manifest injustice.

### III. CONCLUSION

For the reasons set forth above and in the Motion, the Court should grant relief and vacate the invalid disgorgement order.

Dated: September 9, 2025                     Respectfully submitted,

                                                  /s/ David I. Schoen
                                                  DAVID I. SCHOEN
                                                  D.C. Bar No. 391408
                                                  SCHOEN LAW FIRM, LLC
                                                  2800 Zelda Road Suite 100-6
                                                  Montgomery, AL 36106
                                                  Tel: (917) 941-7952
                                                  Email: schoenlawfirm@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September, 2025, I caused a true and correct copy of the foregoing to be served on all counsel of record by filing the same through this Court's ECF system.

/s/ David I. Schoen