UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>v.<br><br>PAUL A. BILZERIAN, *et al.*,<br><br>Defendants. | Case No. 1:89-cv-1854-RCL |

### ORDER

Upon consideration of Defendant Paul Bilzerian's Motion for Relief from Judgment [ECF No. 1285], the SEC's Memorandum in Opposition [ECF No. 1290], Defendant's Reply [ECF No. 1291], and the entire record, it is hereby **ORDERED** that the motion is **DENIED** as untimely for the reasons briefly set forth as follows.

This case has a long history, the bulk of which need not be repeated here. Nearly a third of a century ago, after Defendant Bilzerian was found criminally and civilly liable for a wide-ranging securities-fraud scheme, the Court ordered disgorgement approximately $33.1 million in ill-gotten gains. *See SEC v. Bilzerian*, 814 F. Supp. 116, 124 (D.D.C. 1993). Bilzerian now moves to set aside the 1993 disgorgement order under Rule 60(b)(4)–(6) of the Federal Rules of Civil Procedure. He appears to do so now because he faces separate criminal charges in the Central District of California alleging that Bilzerian and others conspired to defraud the United States in violation of 18 U.S.C. § 371 by impeding the SEC's ability to collect on the disgorgement judgment. He moves under Rule 60(b)(4) based on the assertion that the Court's original disgorgement order was void; under Rule 60(b)(5) based on arguments that intervening Supreme Court decisions render continued enforcement of the order inequitable; and under 60(b)(6)'s

1

residual provision. He is not entitled to relief under any of those grounds, for the reasons set forth below.

1. **Rule 60(b)(4).**

Under Rule 60(b)(4), "the only question for the court is whether the judgment is void." *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1180 (D.C. Cir. 2013) (citation omitted). "A judgment is not void merely because it is erroneous," but rather, "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Wright & Miller, Federal Practice & Procedure § 2862 (3d ed. 2025). Here, Bilzerian presents two arguments why, in his view, the 1993 judgment is void. *First*, he asks the Court to hold that "the underlying statutory section 15 U.S.C. § 78u(d)(5), which speaks of 'equitable' relief, "never gave the Court the power to enter a disgorgement order because the disgorgement order here is not an 'equitable' order at all, and therefore was void *ab initio*." Mot. at 8. His argument depends on the Supreme Court's ruling in *Liu v. SEC*, where the Court held that § 78u(d)(5) "prohibit[s] the SEC from seeking an equitable remedy in excess of a defendant's net profits from wrongdoing." 591 U.S. 71, 85 (2020). *Second*, he argues that the Supreme Court's ruling in *Hudson v. United States*, 522 U.S. 93 (1997) raises the question of whether the 1993 judgment effectuated a double jeopardy violation.

Even if the Court were to agree with Bilzerian that the foregoing decisions would render the 1993 judgment void — a question on which the Court need not pass — he is still not entitled to relief because he mistakenly assumes that the decisions in *Liu* and *Hudson*, decided in 2020 and 1997, have binding retroactive effect in this case. But new decisions by the Supreme Court apply retroactively only in "cases still open on direct review" at the time of the decision. *Harper v. Vir. Dep't of Tax.*, 509 U.S. 86, 97 (1993) (emphasis added). They "do not apply to cases already

closed." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995). *Liu* and *Hudson* thus could only aid Bilzerian if this case was still on direct review, and that is plainly not so, since the 1993 judgment became final in 1994. *See SEC v. Bilzerian*, 29 F.3d 689 (D.C. Cir. 1994) (affirming disgorgement order). Indeed, the very availability of relief under Rule 60(b)(4) presupposes the finality of the judgment entered against the defendant. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (explaining that Rule 60(b)(4) "allows a party to seek relief from a final judgment" and "request reopening of his case").

### 2. Rule 60(b)(5)–(6).

Bilzerian's motion under Rule 60(b)(5) and 60(b)(6) fails at an even earlier stage of analysis. A motion under Rule 60(b)(5)–(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The D.C. Circuit "has not identified a standard for assessing 'reasonable time' under Rule 60(b)." *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1118 (D.C. Cir. 2011). Although one factor a court must consider is prejudice to the non-movant, *see id.*, "prejudice is just one component of the reasonable time requirement, and lack of prejudice alone is not a reason for finding a motion timely," *Carvajal*, 286 F.R.D. at 27.[1] "[N]eglect or lack of due diligence" by the movant may also justify denying a Rule 60(b) motion on timeliness grounds. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988).

---

[1] Many courts applying *Salazar*'s analysis of the timeliness requirement under Rule 60(b) have cited that ruling as establishing the principle that "it would be an abuse of discretion to rule that a Rule 60(b)(6) motion is not filed within a reasonable time without finding that the movant's delay has prejudiced the non-moving party." *See, e.g., THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co. v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 9 (D.D.C. 2018) (citation omitted). The D.C. Circuit, however, has never endorsed the broad principle that denying a Rule 60(b) motion in the absence of prejudice to the non-movant constitutes an abuse of discretion as a matter of law. To the contrary, the Court has confined *Salazar*'s holding regarding prejudice to "long running institutional reform case[s]." *United States v. Phillip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016). Thus, the fact that the SEC does not argue prejudice in its timeliness argument is not dispositive here. *See Carvajal*, 286 F.R.D. at 27.

Bilzerian's attempts to set aside the 1993 judgment under Rules 60(b)(5)–(6) are untimely.[2] He contends that intervening changes in law since the 1993 disgorgement order affect the viability of the judgment against him. *See Liu*, 591 U.S. at 71; *United States v. Bajakjian*, 524 U.S. 321 (1998); *Hudson*, 522 U.S. at 92. Although timeliness for Rule 60(b) purposes ordinarily "is measured from the date of the judgment being attacked," *Carvajal*, 286 F.R.D. at 26, courts have carved out an exception for circumstances in which the defendant could not have known of a legal or factual defect at the time of judgment, *see Liljeberg*, 486 U.S. at 863 n.11. Assuming without deciding that an intervening change in applicable law could supply the basis for such an argument, Bilzerian's argument still falters, as he has raised the issue more than five years after the Supreme Court's ruling in *Liu*, and decades after the rulings in *Bajakjian* and *Hudson*. Even assuming he were entitled to retrospective relief based on those rulings, his delay in bringing this motion appears to reflect his neglect and inattention in promptly bringing such arguments to the Court's attention, not exogenous variables outside of his control. *See id.* Such gamesmanship is consistent with his decadeslong pattern of bad faith and vexatious litigation. *See SEC v. Bilzerian*, 613 F. Supp. 2d 66, 68–69 (D.D.C. 2009). And the same principle defeats Bilzerian's suggestion that the Court should measure the timeliness of his filing from the date of the indictment against him in the Central District of California in 2024. Assuming for the sake of argument that Bilzerian is

---

[2] The Court addresses the Rule 60(b)(5) and (b)(6) challenges together because, at their core, both are challenges under Rule 60(b)(5). The relief Bilzerian requests under Rule 60(b)(6) is premised on intervening changes in law since the 1993 disgorgement order, chiefly, the Supreme Court's rulings in *Liu v. Secs. & Exch. Comm'n*, 591 U.S. 71 (2020), *United States v. Bajakjian*, 524 U.S. 321 (1998), and *Hudson v. United States*, 522 U.S. 93 (1997). This relief falls within the provisions of Rule 60(b)(5), under which a district court may grant relief from a judgment when "applying it prospectively is no longer equitable" due to "a significant change either in factual conditions or in law." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Because relief is potentially available under subsection (b)(5), Bilzerian cannot seek it under subsection (b)(6). "[C]ourts have universally interpreted" the words "any *other* reason justifying relief" in Rule 60(b)(6) to mean a ground "other than the reasons specified in subsections 60(b)(1)–60(b)(5)." *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 249 (D.C. Cir. 1987); *see also Klapprott v. United States*, 335 U.S. 601, 613 (1949) (finding Rule 60(b)(1) considerations mutually exclusive from catchall provision in Rule 60(b)(6); *e.g.*, *Owen-Williams v. BB&T Inv. Servs., Inc.*, 717 F. Supp. 2d 1, 12 (D.D.C. 2010) (construing putative Rule 60(b)(6) motion as Rule 60(b)(2)–(3) motion for timeliness purposes).

correct that the three Supreme Court rulings he cites cast doubt on the validity of the 1993 judgment, the date of those decisions, and not the California indictment, would be the firing of the starting gun for timeliness purposes. Bilzerian has not presented, nor can the Court find, any grounds for why the delay since those rulings would be reasonable. *See Carvajal*, 286 F.R.D. at 26 ("In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment.").

***

For the foregoing reasons, the Motion for Relief from Judgment [ECF No. 1285] is **DENIED**. Putative Intervenors Ignite International Brands, Ltd. and Scott Rohleder's Motion to Intervene [ECF No. 1287] for the limited purposes of joining the 60(b) motion is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Date: November 18, 2025

Royce C. Lamberth
United States District Judge