**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, *Plaintiff*, vs. **PAUL A. BILZERIAN**, *et al.*, *Defendants*. | Case No. 1:89-cv-1854-RCL **MOTION TO SUPPLEMENT THE RECORD** |

NOW COMES Movant-Intervenor Dan Bilzerian and moves to supplement the record relative to his pending Motion A) to Intervene and B) for Contempt Against Defendant Paul A. Bilzerian (ECF No 1275). That motion is fully briefed and remains pending before the Court. In reviewing his files, Movant has identified a further exhibit that evidences Defendant's control of International Investments, Ltd. *See* **Exhibit 1**, Declaration of Dan Bilzerian ("Bilzerian Decl.") at ¶ 3. In support hereof, Movant states as follows:

**STATEMENT OF POINTS AND AUTHORITIES**

As set forth in the subject motion, Defendant caused International Investments, Ltd. ("IIL"), to purportedly terminated Movant as director and Chairman of Ignite International Brands, Ltd. ("Ignite"), on or about June 2, 2024. IIL is the majority shareholder of Ignite. Since then, in violation of the injunction against commencing proceedings (Order of July 19, 2001, ECF No. 416), Defendant caused IIL and Ignite to obtain injunctive relief against Movant in one case (*Dan Bilzerian v. Ignite Int'l Brands, Ltd.*, et al., No. S-245663 (B.C. Sup.Ct., Van. Reg. Jan. 7, 2025)(ECF Nos. 1275-1 & -2) and file suit against Movant and obtain injunctive relief in another (*Ignite Int'l Brands v. Bilzerian*, No. S-251196 (B.C. Sup. Ct., Van. Reg. filed Feb. 14, 2025)(ECF Nos. 1275-3 & -4).

- 1 -
Motion to Supplement the Record
1:89-cv-1854-RCL

Although an individual named Greg Gilpin-Payne nominally acts for IIL and, derivatively, for Ignite, Defendant is the real party in interest. In the Motion, Movant highlighted that this Court has already determined that IIL is "another of [Defendant] Bilzerian's companies". ECF No. 1256, Memorandum Opinion, at 6. (IIL was the named litigant giving rise to the earlier contempt finding. *Id.* at 13). In the course of reviewing his files, Movant identified evidence with which he now seeks to supplement the record that further proves that IIL is controlled by Defendant and, therefore, proves that IIL's (and Ignite's) litigation activities are properly attributed to Defendant, in violation of the anti-litigation injunction. Bilzerian Decl. at ¶ 4.

Specifically, after IIL purported to terminate Movant on June 2, 2024, Mr. Gilpin-Payne, for IIL, on June 5, 2024, sent a letter to Paul Fitzgerald, Movant's then-counsel in Canada. *See* **Exhibit 2**. That letter purported to demand:

> On behalf of lgnite's Board of Directors, lgnite's majority shareholders, lgnite's management, and lgnite's lender, this letter shall serve as lgnite's demand that Dan immediately stop using lgnite's social media accounts and that he turn over the passwords for all Ignite social media accounts to Scott Rohleder, lgnite's CEO, not later than 5:00 pm EDT on June 6, 2024.

Ex. 2 at 3; Bilzerian Decl. at ¶¶ 5-6. That letter was sent by Mr. Gilpin-Payne, but it was created by Defendant Paul Bilzerian. The metadata of the PDF file for the letter shows that it was created at 5:05:33 p.m. and modified at 5:13:54 p.m. *See* **Exhibit 3**; *see also* **Exhibit 4**, Declaration of Jay M. Wolman ("Wolman Decl.") at ¶¶ 5-7. Mr. Gilpin-Payne made a mistake; in sending the letter to Attorney Fitzgerald, he accidentally forwarded the email chain demonstrating its provenance. *See* **Exhibit 5**; Bilzerian Decl. at ¶¶ 7-8. Mr. Gilpin-Payne received the letter from Defendant Paul Bilzerian by e-mail at 5:16 p.m., who directed Mr. Gilpin-Payne that it was "the letter to be sent to Paul Fitzgerald[,]" and such was *after* the last modified time, which means that Mr. Gilpin-Payne sent the exact document Defendant sent him. *See* Ex. 3 & 5. Moreover, the email chain

shows that Defendant Paul Bilzerian was the author of the letter, emailing Mr. Gilpin-Payne an hour and a half prior with a draft and seeking only "comments and suggestions[,]" with Defendant, an hour later, providing the "final version" for Mr. Gilpin-Payne's signature. *See* Ex. 5. The signature blocks in the email chain further show how intermeshed Defendant Paul Bilzerian is with IIL—Defendant's business address and work phone number are the same as Mr. Gilpin-Payne's. *Id.* Additionally, during the LCvR 7(m) conference on December 19, 2025, Defendant Paul Bilzerian admitted to his authorship, stating "it looked to me like that was I drafted a letter for Greg, other people gave their input into it, and Greg submitted it." Wolman Decl. at ¶ 8.

Further, Defendant Paul Bilzerian asked, during the LCvR 7(m) conference "are you aware of Dan's settlement discussions with Ignite?" Wolman Decl. at ¶ 9. He then stated "I think this may I'm not going to say kill them, but I think it may delay them. Because it may, they may want to see what the judge does with this before they continue." *Id.* Although Paul Bilzerian did state that he was "not a decision maker in those settlement discussions" such assertion did not sound credible. *Id.* Rather, it was, essentially, "an implied threat — along the lines of, 'Nice little place you have here, it'd be a shame if it got burned down.'" *People v. McKinney*, No. E053233, 2013 Cal. App. Unpub. LEXIS 2361, at *43 n.11 (Mar. 29, 2013).

Thus, the evidence submitted herewith shows that Mr. Gilpin-Payne is Defendant Paul Bilzerian's puppet, and the litigation activities at issue are properly attributed to Defendant, in contempt of the Court's order.

Pursuant to LCvR 7(m), undersigned counsel met and conferred with Defendant by telephone on December 19, 2025, regarding the relief requested in this Motion in a good faith effort to narrow the areas of disagreement. The Parties could not come to a resolution.

WHEREFORE Movant respectfully requests this Honorable Court permit the record relative to the motion to intervene and for contempt to be supplemented.

Dated: January 13, 2026.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, (Bar No. NV005)
Jay M. Wolman (D.C. Bar No. 473756)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Telephone: 888-887-1776
ecf@randazza.com

*Attorneys for Non-Party/Movant,*
*Dan Bilzerian*

Case No. 1:89-cv-1854-RCL

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed on this 13th day of January, 2026, and served on all parties via the CM/ECF system.

/s/ Marc J. Randazza

Marc J. Randazza